## J. F. BOWMAN v. CITY OF GREENSBORO.

(Filed 2 December, 1925.)

1. **Actions — Tort-Feasors — Primary and Secondary Liability — Judgments—Statutes.**

    The primary and secondary liability as between two joint *tort-feasors* should be adjusted in the same action, where there are two defendants sued for the same negligent act alleged in the complaint, and judgment in the consolidated cases accordingly may be rendered under our statute. C. S., 602.

**2. Same—Demurrer.**

Where the plaintiff sues a city for its negligence in failing to remove a dangerous menace over its sidewalk, and the answer though denying negligence, sufficiently sets up a primary liability on the part of an adjoining property owner who is ordered to be made a party defendant in the answer, the failure of the plaintiff to amend his complaint as allowed by the court does not give the defendant thus brought in the right to successfully demur to the sufficiency of the complaint, and have the action dismissed as to him, the allegations of the answer being sufficient. C. S., 602, 508, 511.

Appeal by defendant from *McElroy, J.,* Guilford Superior Court, May Term, 1925. Reversed.

Relevant facts: The plaintiff brought an action against the defendant and alleged: "That on 20 April, 1924, the plaintiff was walking northwardly upon the sidewalk of the west side of North Elm Street in the city limits of Greensboro, and was only a short distance from the city hall, when suddenly a large limb, some three or five inches in diameter and ten to fifteen feet long, fell from a tree in close proximity to said sidewalk, a distance of about fifty feet, and struck the plaintiff a severe blow on the head, knocking him unconscious," etc. . . . That on or about .... February, 1924, Greensboro and the surrounding country was visited by a terrific sleet; that many trees were broken down and the limbs of others fell to the ground on account of the weight of the ice and sleet; but that still other large limbs, although broken or nearly broken from said trees, were left hanging, their support being the lower limbs of the tree. That the particular tree from which the limb herein complained of was broken, was within sight from the windows of the police department of the city of Greensboro, and only about two hundred feet or more from the city hall. That the said city of Greensboro, through its officers and agents, knew or by the exercise of reasonable care could have known, of the dangerous condition resulting from the large limbs hanging in said tree directly over the sidewalk of Greensboro's main thoroughfare." . . . And that the negligence of the said city of Greensboro, in permitting the said limb to hang in such tree, for so long a period of time, and resulting in its fall upon the plaintiff, as aforesaid, was the direct and proximate cause of the plaintiff's injury; and that said city failed to exercise reasonable care to discover the defects resulting in the plaintiff's injury, or if it knew of such condition, was guilty of gross negligence in not remedying the same. That said limb was easily observable and was or could easily have been seen by the officers, agents and servants of the defendant."

The defendant in its answer said: "That it is admitted that on or about 20 April, 1924, plaintiff, while walking northwardly upon or near the west sidewalk of North Elm Street, was struck by a falling limb,

and injured thereby; but it is expressly denied that the tree from which such limb fell was standing within the street and sidewalk limits, and it is expressly denied that before such limb fell, it projected over the street or sidewalk, or any part thereof. . . . It is admitted that the tree from which the limb that injured plaintiff fell, was within sight of the city hall and about 200 feet therefrom." Defendant denied all other allegations and for a further defense avers: "That at the time of the alleged injury to plaintiff, C. G. Wright was the owner and in possession of the lot on which stood the tree mentioned in the complaint; that if any injury was caused the plaintiff by the falling of a limb from said tree, the defendant is not liable in damages therefor; or if the defendant is in any manner liable to plaintiff by reason of the matters alleged in the complaint the defendant, city of Greensboro, is only secondarily liable and that the said C. G. Wright is primarily liable therefor; and that if the plaintiff should recover of the defendant in this action, the defendant would be entitled thereby to maintain an action against and to recover from the said C. G. Wright." Defendant prays: "(a) That C. G. Wright be made a party defendant in this action; (b) that an issue as to primary liability as between the defendant, city of Greensboro, and the said C. G. Wright, be submitted to the jury; and (c) that the defendant, city of Greensboro, go hence without day and that it recover its costs, to be taxed by the clerk."

Upon notice being served on C. G. Wright, he appeared and the court below made the following order: "It is ordered that C. G. Wright be and he is hereby made a party defendant in this action. It is further ordered that summons be served on C. G. Wright, unless service is accepted by him, such summons to be returnable 1 April, 1925; that on or before 1 April, 1925, the plaintiff, if he desires, may file a new or amended complaint herein, that within twenty days from 1 April, 1925, C. G. Wright shall file his demurrer or answer; and that if the plaintiff files an amended complaint on or before 1 April, 1925, the defendant city of Greensboro may, within twenty days thereafter file an amended answer."

C. G. Wright made no exception to this order. The plaintiff did not file an amended complaint, as he was allowed to do, but Wright filed a demurrer as follows: "That on or about .... March, 1925, after the complaint in said cause had been filed, defendant, city of Greensboro, filed its answer and obtained an order of the court making said C. G. Wright a party defendant and ordering that summons be served on him returnable 1 April, and granting leave to plaintiff on or before said 1 April, to file a new or amended complaint and granting leave to C. G. Wright to demur or answer within twenty days from said 1 April; that no amended complaint has been filed in said cause by plain-

tiff; and that the complaint heretofore filed by plaintiff sets up no cause of action against C. G. Wright and contains no prayer for relief as to him."

The court below rendered the following judgment: "This cause coming on to be heard at May Term, 1925, of Guilford Superior Court before the Honorable P. A. McElroy, judge presiding, upon the demurrer filed therein by the defendant, C. G. Wright, who was heretofore made a party defendant at the instance and upon the motion of defendant city of Greensboro, it is now, after consideration of and hearing argument upon said demurrer, considered, ordered and adjudged that it be and it is hereby sustained."

To the judgment sustaining the demurrer, the city of Greensboro excepted, assigned error and appealed to the Supreme Court.

*T. Bernard Wright and Bynum, Hobgood & Alderman for C. G. Wright.*

*Fentress & Moseley for City of Greensboro.*

CLARKSON, J. It is a well established rule that a party injured can sue any or all joint *tort-feasors* for actionable negligence. As a general rule there can be no contribution or indemnity among mere *tort-feasors.* This rigor of the rule is modified in two classes of cases: "Where the party claiming indemnity has not been guilty of any fault except technically or constructively, as where an innocent master is held to respond for the tort of his servant acting within the scope of his employment; or, where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury. Very familiar illustrations of the second class are found in cases of recovery against municipalities for obstructions to the highways caused by private persons. The fault of the latter is the creation of the nuisance, that of the former the failure to remove it in the exercise of its duty to care for the safe condition of the public streets; the first was a positive tort and the efficient cause of the injury complained of, and the latter the negative tort of neglect to act upon notice express or implied." *Gregg v. Wilmington,* 155 N. C., p. 24 and cases cited.

In cases like the one now being considered—as between the joint *tort-feasors*—it was said in *Dillon v. Raleigh,* 124 N. C., p. 187: "The question of primary and secondary liability is for the offending parties to adjust between themselves. The injured party shall have his remedy against either as they fall under the rule as to joint *tort-feasors." Gregg v. Wilmington, supra.*

C. S., 602, is as follows: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several

defendants; and it may determine the ultimate rights of the parties on each side, as between themselves." 2. "It may grant to the defendant any affirmative relief to which he may be entitled."

31 Cyc., pp. 223-4 says: "In the absence of such an express authority, the practice of allowing cross complaints to be filed against codefendants in analogy to the cross bill of the chancery practice has been sanctioned by the courts in The Code states generally as a means of effectuating the provision ordinarily made in The Codes, that the judgment rendered may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. A cross action by a defendant against a codefendant or third party must be in reference to the claim made by plaintiff and based upon an adjustment of that claim. Independent and unrelated causes of action cannot be litigated by cross actions."

*Smith, C. J.,* in *Hulbert v. Douglas,* 94 N. C., 129, says: The rule in Chancery, to which the code practice is intended to be assimilated in this feature, is thus clearly stated by *Chancellor Walworth,* in his opinion in *Elliott v. Pell,* 1 Paige (N. Y.), 253: 'It is settled law of this Court, that a decree between codefendants, *grounded upon the pleadings and proofs between the complainant and the defendants,* may be made, and it is the constant practice of the Court to do so, to prevent multiplicity of suits,' citing cases; 'but such decree between codefendants, to be binding upon them, *must be founded upon, and connected with the subject-matter in litigation between the complainant, and one or more of the defendants.'" Baugert v. Blades,* 117 N. C., 221; *Bobbitt v. Stanton,* 120 N. C., 253; *Page Trust Co. v. Godwin, ante,* 512.

Wright contends, with some force of reasoning, that plaintiff does not sue him and refuses to make any complaint against him; that there is neither in the complaint nor answer of defendant any allegations of negligence against him. That plaintiff refuses to charge Wright with negligence, and says: "C. S., 508, provides that 'the only pleading on the part of the defendant is either a demurrer or an answer.' Section 511 provides that 'a defendant may demur to the complaint when it appears upon the face thereof . . . that the complaint does not state facts sufficient to constitute a cause of action.'"

C. S., 602, must be construed in connection with sections 508 and 511. The complaint of plaintiff is for actionable negligence against the city of Greensboro. The answer denies liability, but says if it is liable that Wright is primarily liable, that the city's negligence was secondary and Wright's primary. This makes Wright related with plaintiff's claim and comes within the cross-action rule. Wright cannot be heard, under such facts and circumstances, to take advantage of plaintiff's refusal to mulct him. The city has the right that the primary and secondary liability be settled in this action. The city becomes the movant, its

claim is founded, related and connected with the subject-matter between the plaintiff and the city and Wright. This is the foundation of the cross action. If Wright, from the complaint and answer, is not sufficiently informed as to the details, he can, under C. S., 534, ask for a bill of particulars. *Power Co. v. Elizabeth City,* 188 N. C., p. 285. Our Code, C. S., 535, says: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

In the *Gregg case, supra,* p. 22, it is said: "If she had sued the city alone, a question might have arisen as to whether it would be proper to make Woolvin a party, at the request of the city and against the plaintiff's consent, even if thereby the entire controversy could be settled in one action." In the *Gregg case, supra,* both the city of Wilmington and James F. Woolvin were sued. In *Guthrie v. Durham,* 168 N. C., 573, only the city of Durham was sued. The case states, at p. 574: "This is an appeal from the refusal of the court to grant the motion of the defendant to make A. E. Lloyd a party defendant. . . . The city of Durham, upon the allegations set up in its answer, moved to have A. E. Lloyd made a party. Upon notification of said motion, Lloyd appeared and asked to be made a party, that he might make his defense, but the court declined the motion, and the defendant excepted. . . . (p. 575). The fact that the plaintiff could sue both the city of Durham and Lloyd does not determine that they are both liable in the same degree. It is true that the city gave Lloyd the permit to make the excavation and was charged with the duty of supervising his operations to prevent injury to the public, and if it neglected to do so, it is liable to the plaintiff. But the primary liability may be upon Lloyd, there being evidence tending to show that his negligence, if any, was antecedent to that of the city if it was negligent in not giving efficient supervision. *Upon the facts set out in the answer the defendant, the city of Durham, was entitled to have Lloyd made a defendant* (Italics ours), and he was *a fortiori* entitled to have his motion, to come in and defend the action, granted." *Ridge v. High Point,* 176 N. C., p. 421.

We think the answer of the city of Greensboro practically the same as set up by the cities of Wilmington and Durham in the cases, *supra.* Courts, under the liberal practice to avoid multiplicity of actions, and where the rights of parties are not prejudiced and where substantial justice can be done between the parties, hold this should be done in one and the same action. We can see no hardship that will come to Wright from this. If he was not compelled to defend in this action, and plaintiff should recover against the defendant, he would have to defend under the law of primary and secondary liability in an independent action.

For the reasons given the demurrer is overruled.

Reversed.