MARGARET HARRISON v. SOUTHERN TRANSIT CORPORATION AND
CAROLINA MUTUAL CASUALTY INSURANCE COMPANY.

(Filed 17 November, 1926.)

1. **Actions—Causes of Action—Parties — Pleadings — Misjoinder — Dismissal.**

   A misjoinder of parties and causes of action is demurrable and the action may be dismissed on defendant's motion, but as to misjoinder of causes of action the same will be divided.

2. **Same—Principal and Surety—Statutes—Contracts—Torts.**

   Under our statute (chapter 50, sec. 3, 6(g), Public Laws of 1925), the owners of passenger autobusses for hire upon the highways of this State are required to take out liability insurance for the protection of passengers and others, with the right of action given to the party injured by the negligence of the driver of the autobus, and thereunder a demurrer to the complaint against the autobus company and the surety on his bond, upon the ground that the action against the surety arises in contract, and that of the insured in tort, is bad. Cases where, under the contract, the principal alone is protected against loss, distinguished.

APPEAL by defendants from a judgment of *Bryson, J.,* at March Term, 1926, of the Superior Court of GUILFORD County, overruling their demurrer to·the complaint.

The plaintiff is a minor suing by her next friend. The material allegations of her complaint are in effect as herein stated. The Southern Transit Company, a corporation organized under the laws of North Carolina, owned and operated motor vehicles for carrying passengers on the public highways between Raleigh and Greensboro, one of which vehicles, a White truck, was known as "Pathfinder." The city of Greensboro, a municipal corporation, enacted certain ordinances, forbidding the operation within the corporate limits of any motor vehicle in a careless or reckless manner or in such a way as to endanger life, limb, or property; forbidding a vehicle from turning to the left in going into a street without going around the center of intersection; and prohibiting the driving of any vehicle within the safety zone. On 20 July, 1925, the plaintiff was riding her bicycle on North Davie Street going south, and had passed the center of intersection of North Davie and Church streets and entered the safety zone on the right side when the "Pathfinder," moving from the south on North Davie Street, was negligently turned and driven on the left side of North Davie Street without going around the center of intersection. The driver, by "cutting the corner," ran the bus against the plaintiff's bicycle, hurling her to the ground and inflicting the injury of which she complains. The sev-

35—192

eral acts of negligence are sufficiently set out. Prior to the injury the Carolina Mutual Casualty Insurance Company executed a bond or policy of casualty insurance in the sum of $25,000 conditioned to indemnify passengers and the public receiving personal injury by any act of negligence, as appears in the opinion.

The defendants demurred to the complaint on two grounds: (1) There is a misjoinder of parties defendant in that there is no privity of contract between the plaintiff and the Casualty Company and no obligation which it owes to the plaintiff; (2) there is a misjoinder of actions in that as to the Transit Corporation the action is in tort while as to the Casualty Company it is a contract.

The demurrer was overruled and the defendants excepted and appealed.

*A. C. Davis and Frazier & Frazier for plaintiff.*
*John W. Hester and Shuping & Hampton for defendants.*

ADAMS, J. If a complaint be demurrable for the reason that several causes of action have been improperly united the causes may be divided into as many actions as are necessary to a determination of the controversy; but if there be a misjoinder both of parties and of causes, the action may be dismissed. *Mitchell v. Mitchell,* 96 N. C., 14; *Rose v. Warehouse Co.,* 182 N. C., 107; *Shore v. Holt,* 185 N. C., 312; C. S., 516. In this case the defendants have assigned both grounds of demurrer; we must, therefore, decide whether there is a misjoinder of actions or a misjoinder of parties defendant.

The plaintiff alleges in substance that at the time she was injured the Southern Transit Corporation was a common carrier of passengers on one of the public highways of the State, and was liable in damages for personal injury caused by its negligence, and that its codefendant, the Carolina Mutual Casualty Insurance Company, having executed the bond or policy required by law, thereby became liable to the extent of its contract of indemnity. For this reason it is necessary to inquire into the relation of the parties. There is no question as to the liability of the Transit Corporation for personal injury caused by its negligence; the point in dispute involves the relation of the Casualty Company to its codefendant and to the plaintiff.

The Casualty Company executed its bond or policy in pursuance of a statute enacted by the General Assembly in 1925. Public Laws 1925, ch. 50, sec. 3, 6(g). This bond or policy, in the language of the statute, was "conditioned to indemnify passengers and the public receiving personal injuries by any act of negligence" . . . and was executed "for the benefit of and subject to action thereon by any person or per-

sons who shall have sustained an actionable injury protected thereby, notwithstanding any provision in said bond to the contrary." It is provided that any bond or insurance policy so given shall conclusively be presumed to have been given according to and to contain all the provisions of the statute.

The defendants say that the effect of these provisions when made a part of the bond is to indemnify the Transit Company and to impose no liability upon the surety company except to save the Transit Company from loss. They take the position that the plaintiff's action is in tort; that the relation between the two defendants is contractual; and that the surety company at present is under no kind of obligation to the plaintiff. In support of this position two cases are cited. One is *O'Neal v. Transportation Company,* 129 S. E. (W. Va.), 478. There it was held that the joinder in a declaration of a cause of action sounding in contract with one sounding in tort, is a misjoinder which makes the declaration demurrable; but it was said that the policy of insurance then considered was a contract between the carrier, that is, the assured, and the insurance company, whereby the latter agreed to pay and satisfy judgments finally establishing the liability of the assured. In the other case, *Smith Stage Company v. Eckert,* 7 A. L. R. (Ariz.), 995, the Court said that one of the terms of the policy was that the injured person must first establish his claim by suit against the assured, and that this provision would have been completely nullified if the injured person had been permitted to sue the indemnity company on the policy before he had proved his loss.

But under our statute, which is made a part of the bond or policy, a judgment against the carrier is not prerequisite to a suit on the bond. The Legislature no doubt intended to obviate the necessity of double litigation, for it provided that a carrier by automobile should give a bond in a surety company in an amount to be fixed by the Corporation Commission (unless in lieu thereof national, State, county, or municipal bonds were given), conditioned to indemnify the public as well as passengers receiving personal injuries by any act of negligence, and that this bond should be for the benefit of and subject to action thereon by any person protected thereby who has sustained actionable injury. The carrier and the surety company are thus made jointly liable for the actionable negligence of the assured. In an action against the driver of a jitney bus and a casualty company which had executed an indemnity bond containing provisions very much like these in our statute, the Supreme Court of California, holding that the casualty company was properly joined with the assured in an action for injuries caused by the driver's negligence, said: "To read the statutory requirement into the bond, while it accords to the plaintiff the privilege of joining

the casualty company in a suit against the operator of the bus, introduces no necessary inconsistency into the contract and leaves the substantial rights of the parties unimpaired. The only ground upon which it is suggested that the rights of the defendants might be injuriously affected is that a jury might be expected to return a larger verdict for the plaintiff in a suit in which the casualty company appears as a party defendant, because they would necessarily know that the operator of the bus, whose act actually caused the injury, was insured. The jury would presumably know in any event that the operator was insured, since the law requiring the filing of the bond was one of which all persons would be presumed to have knowledge. Nor can we doubt that the casualty company must be presumed to have taken the knowledge of the jury into account in fixing its charges for executing a bond or policy of insurance issued in assumed pursuance of an ordinance unequivocally prescribing that the bond should be enforceable in favor of the persons injured by the act of the operator of the motor bus." *Milliron v. Dittman,* 181 Pac., 779.

*White v. Kane,* 192 N. W. (Wis.), 97, was an action against the operator of a taxicab and a liability company which had contracted in its policy to pay the assured the amount of any final judgment for damages recovered against him not exceeding the limit stated. There was an added condition that the policy should be in accord with certain statutes and a designated city ordinance. Among these was a provision that the surety company should pay to any person injured whatever sum he was entitled to, not exceeding a certain amount. It was held that the policy was not an indemnity but a liability contract, and that the assured and the surety company were properly joined as parties defendant. In other courts a similar joinder of parties has been approved. *Boyle v. Liability Ins. Co.,* 115 At. (N. J.), 383; *Devoto v. United Auto Co.,* 223 Pac. (Wash.), 1050.

The prevailing doctrine is that if the indemnity is clearly one against loss suffered by the assured no action can be maintained against the indemnity company until some loss or damage has been shown; but if the contract indemnifies against liability a right of action against the principal and the surety company accrues when the injury occurs. *Clark v. Bonsal,* 157 N. C., 270. See, also, *Newton v. Seeley,* 177 N. C., 528; *Chappell v. Surety Co.,* 191 N. C., 703, 709.

We are of opinion that the action can be maintained against both the defendants and that there is no misjoinder either of causes of action or of parties defendant.

The judgment is

Affirmed.