EDWARD M. TERRY v. CAPITAL ICE & COAL CO.

(Filed 9 November, 1949.)

**1. Appeal and Error § 40a—**

A sole assignment of error to the signing of the judgment presents only the question whether error appears on the face of the record.

**2.  Appeal and Error § 40f—**

> The denial of a motion to strike certain allegations from the pleadings will ordinarily be affirmed on appeal when the matter can best be determined by rulings on the evidence.

APPEAL by defendant from *Grady, Emergency Judge,* September Term, 1949, of WAKE.

Civil action to recover damages arising out of a collision between plaintiff's automobile and defendant's truck at the intersection of Branch and Bloodworth Streets in the City of Raleigh.

It is alleged that at the time of the collision on 14 December, 1948, the defendant's truck was being operated by an incompetent, reckless and unreliable colored boy, without driver's license, under the express direction and control of defendant's agent and driver, with the knowledge and consent of the defendant, actual or constructive.

In apt time, the defendant moved to strike from the complaint all the allegations pertaining to the actual operator of the truck as referring to its non-agent and being inapplicable, improper and prejudicial.

The motion was overruled, the court being of opinion that the more appropriate procedure would be to determine the matter at the hearing on rulings pertaining to the competency and sufficiency of the evidence. From this order, the defendant appeals, assigning as error "the signing of the foregoing judgment."

*Mordecai & Mills for plaintiff, appellee.*
*A. J. Fletcher and F. T. Dupree, Jr., for defendant, appellant.*

STACY, C. J.  The single imputed error "in signing the judgment," presents only the question whether error appears on the face of the record.

While extraneous matters in a pleading may invite or attract a motion to strike, this does not put the pleader in a strait-jacket in respect of pertinent allegations. *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308. Nor is it the province of an appeal in such cases to have this Court chart the course of the trial in advance of the hearing. There seems little or nothing extraneous in the present complaint when viewed in the light of the apposite decisions on the subject. *Reaves v. Power Co.,* 206 N.C. 523, 174 S.E. 413; *Dover v. Mfg. Co.,* 157 N.C. 324, 72 S.E. 1067; *Cotton v. Transp. Co.,* 197 N.C. 709, 150 S.E. 505; *Russell v. Cutshall,* 223 N.C. 353, 26 S.E. 2d 866.

In addition, the reasons assigned by the trial court, bring the case clearly within the principle of *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189. The case is controlled by the decision in that case.

Affirmed.