JOHNSON, J., took no part in the consideration or decision of this case.

---

JOHN MARTIN v. R. E. CAPEL.

(Filed 29 November, 1950.)

1. **Appeal and Error § 24—**
    Assignments of error not supported by exceptions are ineffective.

2. **Appeal and Error § 6c (2)—**
    An exception to the signing of the judgment presents only whether error appears on the face of the record.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* at June Term, 1950, of ANSON.

Civil action by tenant to recover of landlord his portion of 1948 crops cultivated under "share-cropper" agreement.

There was a consent reference in the case to state the landlord-tenant account, which resulted in an award to the plaintiff of $340.31 with interest as prayed in the complaint.

Exceptions were duly filed to the referee's report by defendant which came on for hearing at the June Term, 1950, Anson Superior Court. The exceptions were overruled, "the same being separately considered," and the report of the referee was adopted and approved.

From the judgment entered, the defendant appeals.

KELLY *v.* KELLY.

*Enos T. Edwards for plaintiff, appellee.*
*Taylor, Kitchin & Taylor for defendant, appellant.*

PER CURIAM. The only exception appearing on the record is "To the signing of the judgment," which is also assigned as error. There are eleven other assignments of error, following the case on appeal, but these are non-exceptive. Hence, the only question presented is whether error appears on the face of the record. *Terry v. Capital Ice & Coal Co.,* 231 N.C. 103, 55 S.E. 2d 926. We find none.

Judgment affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.