WRIGHT'S CLOTHING STORE, INC., v. ELLIS STONE & COMPANY, INC. (ORIGINAL PARTY DEFENDANT), AND H. L. COBLE CONSTRUCTION CO. (ADDITIONAL PARTY DEFENDANT).

(Filed 2 February, 1951.)

1. Torts § 6—

Upon equitable principles, apart from the provisions of G.S. 1-240, a person who is sued alone, and whose negligence is passive, is entitled to join and to set up by cross-action the liability of the person whose positive and active negligence produced the injury, in order that the primary and secondary liability as between the joint tort-feasors may be adjudged in the one action, notwithstanding that both are equally liable to the injured person.

2. Negligence § 4h—

Defendant was sued by the owner of adjacent property to recover damages to his property resulting from excavation for a building on defendant's property. *Held:* Defendant is entitled to join and set up the primary liability of his contractor predicated upon the contractor's active negligence and the indemnity agreement contained in the contract of construction.

3. Pleadings § 10—

The rule that a new and independent action may not be set up by cross-action does not preclude the owner of property sued for damage to adjacent property caused by excavation for the erection of a building, from joining and setting up the primary liability of his contractor on the theory that the contractor was guilty of positive and active negligence producing the damage, since such cross-action is relevant and germane to the main action, and is also sanctioned by statute. G.S. 1-222.

4. Appeal and Error § 40f—

Upon appeal from the refusal of the court to strike allegations from a pleading, the Supreme Court will not attempt to chart the course of trial in advance of the hearing.

APPEAL by defendant H. L. Coble Construction Company from *Clement, J.,* August Term, 1950, of GUILFORD, Greensboro Division. Affirmed.

Civil action to recover for damages to property due to alleged negligence of landowner in the erection of a building on an adjoining lot, heard on motion to strike allegations of original defendant's answer and cross complaint.

The plaintiff, Wright's Clothing Store, Inc., instituted this action against the defendant Ellis Stone & Company, Inc. (hereinafter referred to as Ellis Stone), to recover damages to plaintiff's store building, fixtures, and merchandise located in the city of Greensboro. Ellis Stone is the owner of a lot lying adjacent to the plaintiff's lot and building. It is alleged in plaintiff's complaint, in substance, that Ellis Stone in the early

part of 1949 . . . "acting through its architects, contractor and other agents and servants," demolished a building then standing on its lot, made various excavations, including an excavation under the south wall of the plaintiff's building, and erected a new department store building on its lot; that Ellis Stone in excavating upon its property and in erecting its new department store building negligently caused the south wall of plaintiff's building to settle, crack, and lean, thereby damaging plaintiff's property in a substantial amount. The complaint further alleges that Ellis Stone failed to give plaintiff any notice "of the nature, character and extent of the excavations to be made" next to plaintiff's property, and also that Ellis Stone caused to be placed on its lot, in close proximity to plaintiff's wall, heavy machines which when in use caused great vibrations of the building in its weakened condition, due to the excavations, thereby adding further to plaintiff's damages,—in all to the amount of $50,000.

The defendant Ellis Stone answered, denying negligence on its part and alleging a special contract with H. L. Coble Construction Company (hereinafter designated Coble), under which all work in connection with the excavations and the erection of the new building was under the exclusive and sole control of Coble.

Simultaneously with the filing of its answer, Ellis Stone filed a cross complaint against Coble, who on motion was made a party defendant. In apt time, Coble moved to strike certain allegations and prayers for relief from the cross complaint of Ellis Stone as being irrelevant, redundant, and not germane either to the main action or the cross-action. The pertinent parts of the cross complaint are as follows, with the allegations which are sought to be stricken being set out in italics:

"AND BY WAY OF CROSS-ACTION AGAINST H. L. COBLE CONSTRUCTION COMPANY this defendant avers:

"3. That Ellis Stone & Company, Inc. was, and is, the owner of a certain tract of land situate on South Elm Street in the City of Greensboro, North Carolina, known as the Benbow Arcade site, which said property was acquired by this defendant from Richardson Realty, Inc., under and by virtue of the terms of a certain merger agreement recorded in the office of the Clerk of the Superior Court of Guilford County in Book of Corporations 5, page 448, to which reference is hereby made as a part hereof as fully as if here quoted.

"4. That Ellis Stone & Company, Inc. and H. L. Coble Construction Company entered into a contract in the early part of 1949 whereby and under the terms of which the said H. L. Coble Construction Company agreed to furnish all materials and perform all of the work shown on the drawings and described in the specifications for the general construction and mechanical work of a new building at the site described in para-

graph 3 hereof for the consideration therein named; that said contract consisted of the Agreement, the General Conditions of the Contract and the Drawings; that the H. L. Coble Construction Company now has and has had a duplicate original of said contract; *that this defendant specifically pleads said contract and will produce the same at the trial of this cause.*

"5. *That among other things, the contract hereinabove referred to between Ellis Stone & Company, Inc., and H. L. Coble Construction Company provided as follows:*

"(a) *Article XI. 'The contractor shall give all notices and comply with all laws, ordinances, rules and regulations bearing on the conduct of the work as drawn and specified.'*

"(b) *Article XII. 'He (contractor) shall adequately protect adjacent property as provided by law and the contract document.'*

"(c) *Division 1, Paragraph 4(a). 'The contractor shall conduct all negotiations with adjoining property owners or obtain their consents for the protection of their property.'*

"(d) *Division 2, Paragraph 17(a). 'In addition to the stipulations under Article XII of the General Conditions of the Contract, the contractor shall repair any and all damage or injury to the adjoining property caused by his work and leave the property in as good condition as before work was started, and he shall relieve the owner of all responsibilities for any claims due to such injury and must defend any action of law brought by reason thereof.'*

"6. *That at the time of the alleged injury and damage to the plaintiff, the H. L. Coble Construction Company was engaged in the performance of its contract with this defendant, and this defendant avers that the performance of the work under said contract was under the sole and exclusive control of the H. L. Coble Construction Company for the excavation at the site, construction and erection of said building, and this defendant avers that under the terms and provisions of the contract hereinbefore referred to, the H. L. Coble Construction Company agreed that it would relieve this defendant of all responsibilities for any claims due to injury to adjoining property owners and defend any action of law brought by reason thereof; that if plaintiff has a cause of action, which is denied, then and in that event the plaintiff's cause of action is based upon and arises out of the contract hereinbefore referred to between this defendant and H. L. Coble Construction Company, and any damage or injury sustained by plaintiff was directly and proximately caused by the failure of H. L. Coble Construction Company to properly perform and carry out the terms and conditions of said contract; that upon the institution of this action by plaintiff against this defendant, this defendant gave notice of said suit and furnished a copy of the summons and complaint to H. L.*

*Coble Construction Company by registered mail in apt time, and requested said H. L. Coble Construction Company to assume the defense of said action in accordance with its contract with this defendant; that said H. L. Coble Construction Company refused and failed to assume the defense of said action as it was required to do under its contract with this defendant; that if a recovery is allowed against this defendant for any amount or amounts, then and in that event this defendant is entitled to have and recover judgment over against H. L. Coble Construction Company under its liability under the contract agreement hereinabove alleged for the full amount or amounts so recovered of this defendant together with its costs and expenses incurred in conducting its defense.*

"That at the time of the alleged injury and damage to plaintiff, H. L. Coble Construction Company was engaged in the performance of its contract with this defendant and defendant avers that the performance of the work under said contract was under the sole and exclusive control of H. L. Coble Construction Company for the excavation at the site, construction and erection of said building; that this defendant avers that even if it was negligent or omitted any duty owed plaintiff in any of the particulars alleged in the complaint, which is hereby expressly denied, and that even if such negligence or omission of duty was a proximate cause of damage and injury to the plaintiff as alleged by it, which is also denied, then and in that event H. L. Coble Construction Company was negligent in that it failed to take the necessary precautions to protect the plaintiff's wall and premises and failed to provide adequate support for plaintiff's building as it was required to do, *and if this defendant is liable to plaintiff for any amount, which is denied, this defendant's liability is secondary to the liability of H. L. Coble Construction Company and the liability of H. L. Coble Construction Company is primary for that the negligence of H. L. Coble Construction Company was active and directly and proximately caused plaintiff's injury; if this defendant is liable to plaintiff for its damage and injury, which is denied, then and in that event this defendant is entitled to have and recover judgment over against H. L. Coble Construction Company under its primary liability as a joint tort-feasor for the full amount or amounts so recovered of this defendant together with its costs and expenses incurred in conducting its defense and that this defendant has a right to have the liability of the said H. L. Coble Construction Company determined and enforced in this action in accordance with the contract hereinbefore alleged and under the General Statutes of North Carolina.*

"WHEREFORE, the defendant prays:

"*(2) That if a recovery is allowed against it for any amount, that it have and recover judgment against H. L. Coble Construction Company under its primary liability as a joint tort-feasor for the full amount or*

*amounts so recovered of this defendant with its costs and expenses incurred in conducting its defense.*

"*(3) That if a recovery is allowed against it for any amount, that it have and recover judgment over against H. L. Coble Construction Company under the liability of H. L. Coble Construction Company under the contract alleged for the full amount or amounts so recovered of this defendant with its costs and expenses incurred in conducting its defense.*"

The court below declined to strike any part of the allegations challenged by Coble's motion, and from the order denying the motion the defendant Coble excepted and appealed.

*Frazier & Frazier for plaintiff, appellee.*

*Huger S. King for original defendant Ellis Stone & Company, Inc., appellee.*

*Brooks, McLendon, Brim & Holderness, G. Neil Daniels, and Smith, Wharton, Sapp & Moore for defendant H. L. Coble Construction Company, appellant.*

JOHNSON, J. The question for decision here is: Has Ellis Stone pleaded itself beyond the permissive bounds of the rule which permits the adjustment in one action of primary and secondary liability between joint tort-feasors? We think not.

Our decisions adhere to the rule that where two parties are jointly liable in damages for negligence, one of them for the reason that he is "only passively negligent, but is exposed to liability through the positive acts and actual negligence of the other, the parties are not in equal fault as to each other, though both are equally liable to the injured person. . . . The further general principle is announced, however, in many cases, that where one does the act which produces the injury, and the other does not join in the act, but is thereby exposed to liability and suffers damage, the latter may recover against the principal delinquent, and the law will inquire into the real delinquency, and place the ultimate liability upon him whose fault was the primary cause of the injury." *Johnson v. Asheville,* 196 N.C. 550, 146 S.E. 229; *Bowman v. Greensboro,* 190 N.C. 611, 130 S.E. 502; *Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Gregg v. Wilmington,* 155 N.C. 18, 70 S.E. 1070.

Strictly speaking, this principle springs from equity and is an exception to the general rule that there can be no indemnity or contribution between joint tort-feasors. *Taylor v. Construction Company,* 195 N.C. 30, 141 S.E. 492.

The rule we are dealing with here operates in this jurisdiction quite apart from and independent of the 1929 statute permitting contribution between joint tort-feasors, Chapter 68, Public Laws of 1929, now incor-

porated in G.S. 1-240. McIntosh, North Carolina Practice and Procedure, p. 245. Moreover, a defendant secondarily liable, when sued alone, may have the person primarily liable brought in to respond to the original defendant's cross-action. *Bowman v. Greensboro, supra; Guthrie v. Durham, supra;* 39 Am. Jur., Parties, Section 91, p. 962. See also 25 N.C.L., p. 3.

The entry of judgment fixing primary and second liability as between joint tort-feasors finds statutory sanction under G.S. 1-222.

A cross-action by a defendant against a codefendant or third party must be germane to the claim alleged by the plaintiff, *i.e.,* the cross-action must be in reference to the plaintiff's claim and based upon an adjustment of that claim. *Bowman v. Greensboro, supra.*

Independent and unrelated causes of action cannot be litigated by cross-action. *Horton v. Perry,* 229 N.C. 319, 49 S.E. 2d 734; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555; *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397.

The challenged portions of the cross complaint appear to be relevant and germane to the main action. They inject into the case no new or independent cause of action. Nor should the cross complaint, if properly interpreted in connection with the admission of evidence in the trial below, extend the scope of defendant-liability as fixed by the plaintiff's complaint. *Parker v. Duke University,* 230 N.C. 656, 55 S.E. 2d 189; *Hill v. Stansbury,* 221 N.C. 339, 20 S.E. 2d 308; *Pemberton v. Greensboro,* 205 N.C. 599, 172 S.E. 196.

We refrain from discussing the principles of law, referred to in the briefs, dealing with the subject of third party beneficiaries and other phases of substantive law, including the rules governing the liability of an independent contractor in respect to an obligation to perform another person's nondelegable duty. In the trial of the case below, the pertinency of these principles of law, in their many refinements, may vary, depending upon the manner in which the case is developed and made to unfold. Hence, the fundamental soundness of the rule that it is not "the province of an appeal in such cases to have this Court chart the course of the trial in advance of the hearing." *Terry v. Coal Co.,* 231 N.C. 103, 55 S.E. 2d 926. See, however, these authorities: *Gorrell v. Water Supply Co.,* 124 N.C. 328, 32 S.E. 720; Annotation: 38 A.L.R., 403 (545). *Davis v. Summerfield,* 133 N.C. 325, 45 S.E. 654; *S. H. Kress Co. v. Reaves,* 85 F. 2d 915; 1 Am. Jur. Adjoining Landowners, Sections 36 and 37, pp. 526 and 527; 27 Am. Jur., Independent Contractors, Sec. 52, p. 530; Annotations: 23 A.L.R., 984 (pp. 985, 1005, 1038); 29 A.L.R. 736; 38 A.L.R. 566 (579); *Harrison v. Transit Co.,* 192 N.C. 545, 135 S.E. 460.

Affirmed.