No. 7072.

## CUNNINGHAM v. SPILLMAN.

PARTIES. — *Pleading.* — *Withdrawal and Disclaimer.* — *Practice.* — Where a party is made a defendant to an action, and afterward appears and files a disclaimer, and, on leave of the court, without objection of plaintiff, withdraws from the case, the plaintiff, by failing to object at the time, waives his right to afterward complain; when, however, the plaintiff objects at the time, and the court erred in permitting the defendant to withdraw and disclaim, the plaintiff's remedy is by appeal from the judgment rendered in the case.

EVIDENCE. — *Sufficiency of.* — *Contract.* — As to the sufficiency of the evidence to sustain the finding and judgment, see opinion.

From the Owen Circuit Court.

*W. R. Harrison* and *W. E. McCord*, for appellant.

*W. M. Franklin, I. H. Fowler* and *W. A. Montgomery*, for appellee.

ELLIOTT, J.—The only questions which counsel discuss are those arising upon the ruling of the court denying the appellant's motion for a new trial, and these are the only questions we shall consider, although errors are assigned upon other rulings.

The appellant, who was the plaintiff below, presented to the trial court by his motion for a new trial, and now presents to us by his assignment of error based on the ruling denying his motion, the general question, whether the finding and judgment of the court are contrary to the law and the evidence; for there is but a single reason assigned in his motion, and that presents only the general question stated.

An abridgment of the evidence will, substantially, exhibit the material facts: Cyrus Spillman and James Grimsley, as partners, had executed their note to appellant; the partnership was dissolved, and Spillman undertook to pay the note. Spillman had taken out a policy of insurance for the benefit of his wife, the appellee, Mary H. Spillman, and this policy was assigned by said Cyrus Spillman to the appellant. Spillman died some time after the assignment of the policy. After the death of Spillman, the appellant, as assignee of the policy of insurance, instituted an action thereon against the insurance company.

On the 12th day of September, 1872, the parties entered into the following agreement:

"Cyrus C. Spillman with James Grimsley heretofore gave their note to William N. Cunningham, on which there is due about the sum of $5,000. Said Spillman, by agreement with said Grimsley, assumed the payment of the whole of said claim to said Cunningham, and afterward said Spillman, to secure the payment of said claim, assigned to said Cunningham a policy, No. 1,460, in the National Life Insurance Company of the U. S. of A. on the life of him, said Spillman, for the sum of $5,000 in favor of Mary H. Spillman, wife of said Cyrus, and a controversy has arisen between said Cunningham and Mary H. as to whether she joined with Cyrus in the assignment of said policy, and said Cunningham has instituted suit in the Superior Court of Marion County against said company and Mary H. to recover the amount of said insurance, which action is still pending. Now it is agreed

by and between said Cunningham and said Màry H., that said Mary H., with the assent of said Cunningham, may draw said sum so insured in said policy on said Spillman's life, he now being dead ; that said company shall pay to W. R. Harrison as a trustee not less than three thousand dollars of said sum, and any sum in addition to forty-five hundred dollars which may be paid on said policy for the use of said Cunningham, to be paid to him when he shall prose-cute his claim for the amount of his note against the estate of said Spillman, and obtain an allowance thereon, and that said Cunningham shall collect such dividend from said estate as the same will pay, and may retain enough thereof to pay the balance of said claim in full, after deducting the amount to be paid to said trustee for said Cunningham, and the amount collected of said estate over the said balance shall be paid to Mary H. Spillman, after deducting reasonable expenses and attorney's fees. Sept. 12th, 1872." This agreement is signed by the parties. After this agreement was executed, appellant filed his claim against the estate of Cyrus Spillman, deceased, and made appellee a party, and there was an appearance and answer by her.

It does not appear in the transcript of the proceedings in the case of appellant against Spillman's estate, given in evidence by the appellant, how the appellee got out of that case ; but, among other stipulations in an agreement made as to the facts, is the following : " It is further agreed that the agreement between the defendant herein and Cyrus C. Spillman's estate and the estate of Abner Alexander, deceased, and disclaimer and withdrawal, etc., were filed after the issues were formed, trial had and verdict rendered, and when motion was pending for judgment on the verdict in favor of the plaintiff herein, in his action against the estate of Cyrus Spillman." The agreement between appellee and the representatives of Abner Alexander, deceased, is set out, but we need only state generally the substance of its provisions.

It recites the fact of appellant's action against the estate of Cyrus Spillman, that it is pending, that appellee was a party defendant to said action, that she had asserted certain rights in the policy of insurance described in the complaint, that certain other matters of controversy have arisen in relation to another note executed by said decedent, Cyrus Spillman, to Abner Alexander, that Alexander's administrator had instituted an action thereon, making appellee a party defendant, that judgment was therein rendered in favor of appellee, and that Alexander's administrator had appealed therefrom. These recitals are followed by the agreement that the appellee shall disclaim all interest in the policy of insurance, and the proceeds thereof, except $1,500, which she has already received, which sum she shall retain ; and it is further agreed by the appellee that she will withdraw all pleadings in the action of appellant against the estate of Cyrus Spillman, deceased, and file a disclaimer therein. The evidence is brought into the record in a confused shape, and in several instances there are mere fragmentary parts of the record of the proceedings given in evidence, put into the bill of exceptions ; but the synopsis we have given is sufficient to present the question which appellant's counsel make and urge.

As we understand the argument of appellant, it is that, as he lost his right to receive the sum which it was stipulated, in the agreement between him and the appellee, he should have out of the avails of the policy of insurance, he is entitled to judgment for that sum against the appellee, for the reason that she dismissed and disclaimed in the proceedings instituted by appellant against Cyrus Spillman's estate, and in which she was a party defendant. The only item of evidence which allows the appellant any appearance of fact, upon which he can, with the barest shade of plausibility, assume that her disclaimer injuriously affected him, is, that instead of getting a judgment giving him a right in the policy of insurance, he obtained judgment solely for the

amount of his claim. We are unable to perceive how this slender strip of fact can afford him building room for his argument, that the defendant's disclaimer caused an adverse judgment. Upon the contrary, so far as the record shows, he got all the judgment he was entitled to. But, if he had not, we do not think he can in this way present the question he now discusses. There is nothing in the fragmentary part of the record put in evidence showing any injury to him; upon the contrary, the answers of the jury to the interrogatories propounded by the parties found the contract between appellant and appellee to be a fraudulent one, and so far, therefore, as we are warranted in indulging any inference at all, it must be against the appellant.

The contract will not bear any such construction as that which appellant places upon it. The appellee does not undertake to aid appellant in securing judgment against the estate of her deceased husband. She was not bound by the terms of the contract to join in any proceedings against the estate, nor to take any part in the litigation. There was no agreement, express or implied, upon her part to do anything more than permit appellant to draw and appropriate all money in excess of fifteen hundred dollars upon the policy of insurance which had been taken out by her deceased husband. The appellant is altogether wrong in assuming that the contract bound her to assist in the litigation against the estate of Cyrus Spillman. If she was not bound by contract to do this, she could not have broken any contract, by refusing in the first place to have taken any part; nor could she be said to have broken any contract because, after having been brought into the case, she withdrew from it and disclaimed all interest in the subject-matter of the litigation.

If, however, the appellee was a proper party defendant in the case instituted by appellant against Spillman's estate, the appellant, by his own showing, had brought her into court, and she could not legally have gone out over his ob-

jection. If he did not make proper objection, he waived all right to complain ; if he did and the court erred in permitting appellee to withdraw and disclaim, his, appellant's, remedy was by appeal from the judgment rendered in that case. Whether appellee had or not a right to withdraw her appearance and pleading, was a question for the decision of the court wherein the case was pending.

Judgment affirmed.

