ASHEVILLE DIVISION, NUMBER 15, SONS OF TEMPERANCE et als. v.
ASTON.

*Parties—Intervention.*

A claimant to land in dispute between other parties to a suit, who is not connected
with any interest in that controversy, but claims by a title different from that
of both claimants in the suit, cannot intervene and become a party. A party
may intervene when he has an interest in the controversy, but not when he has
an interest in the thing which is the subject of the controversy.

(*Keathly* v. *Branch*, 84 N. C., 202; *Wade* v. *Sanders*, 70 N. C., 277, cited and
approved).

This was the interpleaders' appeal in the foregoing action.

Two years after that suit was begun and the pleadings put in,
application was made to the Court by H. M. Parker and his wife
M. E. Parker, to be allowed to interplead in the cause and set up
a superior and independent title to the property in the latter, in
opposition to the claims of both parties to the action. This,
with the consent of the plaintiff, they were permitted to do, and
thereupon they file a complaint against the defendant, alleging
the *feme* to be the owner of the *locus in quo*, the wrongful withhold-
ing, and they demand possession, with damages for detaining it.

Besides the facts found by the Court, contained in the record
of the defendant's appeal, already determined, facts are found
explanatory of the claim asserted on behalf of the interpleaders.

The judgment against M. Patton, under which his interest in
the Sons of Temperance Hall was sold, was docketed in the
Superior Court of Buncombe county in 1874, and executions
were regularly issued thereon until 1882, when, under the last,
the property was sold, and by the sheriff's deed conveyed to the
said M. E. Parker. The defendant did not controvert these
facts, but admitted that whatever interest remained in the judg-
ment debtor, after the execution of the deed to him in 1863, in
the property, liable to execution, passed to her.

Upon the rendition of judgment in favor of the plaintiff the
interpleaders appealed.

*Messrs. Theo. F. Davidson* and *Batchelor & Devereux,* for the plaintiff corporation.

No counsel for the interpleaders.

*Mr. James H. Merrimon,* for the defendant.

SMITH, C. J. (after stating the facts). Our ruling in the other appeal, that the title to the room, with facilities of access to it as described in the deed to the "Asheville Division, No. 15, of the Sons of Temperance," was in that corporation, and that the receiver had a right to recover possession for the purpose contemplated in his appointment, disposes adversely of the present appeal, and a further examination of the subject would be superfluous. But we cannot let the occasion pass without some comment upon the manner in which the new controversy between the interpleaders and both the original parties is introduced in the cause. It is warranted neither by the practice nor The Code.

In *Keathly* v. *Branch,* 84 N. C., 202, this language is used in the opinion: "It is very clear that a claimant for land in dispute between other parties to a suit, and *not connected with, nor interested in that controversy, nor injuriously affected by its results,* cannot be allowed to intervene and assert his own independent title. This would be in effect to make a double action, and introduce new issues foreign to the original subject of controversy, and not within the scope of either section 61 or 65 of The Code." *Code,* §189.

"A party may intervene who has an interest in *the controversy,* but not when he "claims an interest *in the thing* which is the subject of controversy." Pearson, C. J., in *Wade* v. *Sanders,* 70 N. C., 277. The inconveniences of such a practice as was here pursued, are numerous and great. Let us suppose a sale when the defendant is in possession and is estopped to deny the title of either claimants—how is the cause to proceed in determining in which of the contesting claimants, or whether in either, the title is vested?

When a person holds a fund to which he has no claim himself but which is claimed by others, and he does not know to whom he should account, he, under the former equity practice, was allowed to file his bill against them to show their respective claims, for his own security and protection in delivering the property in his possession or paying over the funds in his hands. In such case he occupies the place of a stake-holder merely, and asserts no right in himself; and there is a single controversy and that confined to the defendants *inter sese. Story Eq. Pl.,* sec. 291.

We refer to this irregular proceeding that it may not be deemed a precedent for the practice.

There is no error and the judgment is affirmed.

No error.                                             Affirmed.