C. A. BAUGERT v. WILLIAM B. BLADES et al.

*Action for Trespass—Res Judicata—Estoppel as Between Several Defendants.*

1. While the rule is that a judgment against several defendants determines none of the rights among themselves, but only the existence and legality of the demand, yet, where the respective rights of the parties are drawn in issue by them and adjudicated, the judgment is conclusive between them; therefore,

2. Where, in an action to recover land, each of two defendants claimed title in himself and one was adjudged to be the owner of a certain part and the other of the balance, the judgment is *res judicata* as between such defendants and all persons claiming under them.

ACTION for trespass heard before *Hoke, J.,* at Spring Term, 1895, of JONES Superior Court, on an agreed statement of facts, as follows:

"1. The *locus in quo* is that part of the land in Jones county, North Carolina, known as the Starkey McDaniel place or land, which is known as the excess over the homestead of Starkey McDaniel, lying on Antoine branch.

"2. The timber was cut and removed by the defendants from the *locus in quo.*

"3. The *locus in quo* was sold under an execution issued on a judgment against Starkey McDaniel to J. E. Amyett, and conveyed to said Amyett by deed, dated September 6, 1869, by John Pearce, sheriff, before any offer to sell by Starkey McDaniel to his brothers was made, in compliance with the devise herein mentioned.

"4. It was conveyed by J. E. Amyett, the purchaser, under the said execution, and the sheriff's grantee, to Christopher M. Pollock, by deed, dated March 22nd 1870.

"5. C. M. Pollock and wife conveyed in fee to Lewis

BAUGERT *v*. BLADES.

M. Pollock, one of the defendants, by deed, dated January 15th, 1876.

"6. The said Lewis M. Pollock, defendant, and those under whom he claims, have been in possession of said *locus in quo* ever since the date of said sheriff's deed, September 6th, 1869.

"7. Both plaintiffs and defendants claim title through and from Starkey McDaniel.

"8. Starkey McDaniel derived title under the will of his father, James McDaniel, Sr., as devisee.

"9. The said will was probated at June Term, 1854, and recorded in the records of wills, in Jones county, in book B, on page 219.

"10. The will was construed by the Supreme Court and decision reported in 5th Jones' Equity, page, 351, in case of *McDaniel* v. *McDaniel*.

"11. The construction by the Supreme Court of the devise to Lewis McDaniel, as stated in said 5th Jones' Equity, page 351, applies to and governs the devise to Starkey McDaniel.

"12. Starkey McDaniel mortgaged the land in fee to M. Hahn & Co., March 30, 1878, book 26, page 564.

"13. Starkey McDaniel conveyed the land to James McDaniel in fee, by deed November 22, 1879. Book 29, page 448, in compliance with the will of his father.

"14. James McDaniel, the above named grantee of Starkey McDaniel, was, at the time of the said conveyance, November 22, 1879, the only surviving brother of Starkey McDaniel, and the last surviving son of the aforesaid devisor, James McDaniel, Sr., excepting the said Starkey.

"15. James McDaniel, the son of the said devisor, died sometime after the conveyance to E. R. Page, next mentioned.

"16. James McDaniel, the said grantee of Starker

McDaniel, conveyed in fee the land to E. R. Page, by deed dated November 22, 1879. Book 29, page 449.

"17. E. R. Page and wife conveyed by mortgage in fee to Sebastian Baugert, December 15, 1882. Book 30, page 449.

"18. E. P. McDaniel, as assignee of the mortgage aforesaid, executed by Starkey McDaniel to M. Hahn & Co., registered March 30, 1878, brought an action to foreclose the same ; and Starkey McDaniel, E. R. Page and S. Baugert, the aforesaid mortgagees, were made parties defendant at Spring Term, 1882, and judgment was rendered decreeing a sale of the land to satisfy and pay off the said mortgage to M. Hahn & Co., and the said mortgage to S. Baugert, at Fall Term, 1888.

"19. The land was sold pursuant to the judgment by the commissioners, M. D. W. Stevenson and P. H. Pelletier, and conveyed in fee to C. A. Baugert, the plaintiff herein, and sale confirmed.

" 20. Starkey McDaniel is still living, and has no children.

"21. Starkey McDaniel brought an action at Fall Term, 1881, against E. R. Page, Lewis M. Pollock and C. M. Pollock, as defendants, and in his complaint claimed absolute title to the land in fee, and asked that the deed executed by him in favor of James McDaniel, Page's grant, be set aside for fraud, and that the sale under execution and the conveyance of the land, through the sheriff's deed to J. E. Amyett and then to C. M. Pollock, as above set forth, be declared a trust for the said Starkey McDaniel, and that he recover the land from the said E. R. Page and Lewis M. Pollock, and be declared entitled thereto in fee.

" In this action judgment was rendered at Fall Term, 1883, as follows :

"22. That Lewis M. Pollock, one of the defendants, is

the owner of the tract of land of which he is alleged in the complaint to be in possession, which is known as the excess after the allotment of the homestead in the Starkey McDaniel land or plantation, and fully described in the deed of C. M. Pollock, and recorded in the book Y, folio 319.

" 23. That E. R. Page is the owner in fee-simple of the tract of which he is alleged to be in possession, known as the homestead of Starkey McDaniel.

" That as to C. M. Pollock, action dismissed.

" 24. The complaint and the answers of E. R. Page and L. M. Pollock are made a part of this statement.

" 25. The tract of land, of which Lewis M. Pollock is adjudged to be the owner in last named judgment, is the *locus in quo.*

" If the court should be of the opinion that Lewis M. Pollock is not entitled to the *locus in quo* in fee-simple absolute, then judgment shall be rendered in favor of the plaintiff, for the value of the timber cut and removed from said *locus in quo*, by Wm. B. B. Blades and Lewis M. Pollock, within three years before the commencement of this action."

His Honor adjudged that the defendant, L. M. Pollock, was the owner in fee of the land described in the complaint as the excess of the homestead, and that the defendants go without day, and recover of plaintiff the costs of this action.

From this judgment plaintiff appealed.

The plaintiff excepted as follows :

" 1. The plaintiff excepts to the judgment herein, and says :  That as Starkey McDaniel, under his father's will, had the use and enjoyment of the land at his discretion, during his natural life in any event, subject to be determined only by his own volition, then he had the right which he might convey for his life, and if he might dis-

BAUGERT v. BLADES.

pose of the land for his own benefit for his life, then such interest was subject to execution in favor of creditors, and the purchaser, Pollock, at execution sale, obtained the use and occupation of the land for such life ; and Starkey McDaniel's subsequent conveyance in fee, according to the conditions of the will, would not affect a previous conveyance for life by said Starkey, and if this would not be affected, neither would the interest for life which the plaintiff contends was conveyed by the sheriff's deed to Amyett and Pollock.

"2. The plaintiff says further that Pollock had the right to occupy the *lous in quo* during the life of Starkey McDaniel, who is still living.

"Therefore, the plaintiff is not barred by the statute ; and under the agreed statement, submitted to Judge *Hoke*, . the plaintiff is entitled to recover for the value of the timber cut from the *locus in quo*.

"3. The plaintiff further says that the title to the *locus in quo* was not put in issue in the action brought by *Starkey McDaniel* v. *Lewis Pollock* and *E. R. Page*, between the defendants Page and Pollock, since Page was sued for one part of the land and Pollock for another part, and it was not necessary for Page to either admit or deny the title of Pollock ; and although Baugert, the plaintiff, claims under Page, the judgment in that case is not *res adjudicata* as to this action, now pending.

*Mr. H. C. Whitehurst*, for plaintiff (appellant).

*Messrs. W. W. Clark* and *P. M. Pearsall*, for defendants.

FAIRCLOTH, C. J. : James McDaniel, Sr., devised certain lands, of which the *locus in quo* is a part, to his son Starkey in fee, defeasable in the event that the devisee should

117—15

die leaving no lawful heir or issue surviving him, in which event the lands should be equally divided between the devisor's surviving sons. It was also declared in the will that if the son Starkey should desire to sell the lands and mills, the five or surviving sons should have the offer of purchase, at a price to be fixed by valuation if they could not agree, should they be disposed to do so.

In *McDaniel* v. *McDaniel*, 5 Jones Eq., 351, which controls the present action, the devisee asked for a construction of the will, alleging that the five brothers would neither buy the lands nor waive their rights as an encumbrance on the power of the devisees to sell.

In a learned opinion it was adjudged that the five or surviving brothers should be put to their election under the direction of the court, either to take the land in the manner prescribed or to decline it. What were the rights of the purchaser at the sheriff's sale and his assignees and of those under the several conveyances from Starkey McDaniel, are questions not now before the Court. Each party claims under and through said Starkey and the question turns upon the question of estoppel, arising out of the judgment set out in the records and rendered at Fall Term, 1883, in which Starkey McDaniel was plaintiff and E. R. Page, Lewis M. Pollock and C. M. Pollock were defendants. The plaintiff claimed title in fee and alleged fraud in his conveyance to James McDaniel and demanded that the sale through the sheriff be declared a trust for his benefit and that he recover the land from said E. R. Page and Lewis M. Pollock, said Page being the party under whom the plaintiff claims title by virtue of a judgment and commissioner's sale in 1888. The defendants Page and L. M. Pollock answered separately denying the main allegations of the plaintiff, Starkey, and claimed title to the lands of which they were in possession. The judgment was, as set

out in the record, that the defendant, Lewis M. Pollock, was the owner of the part in excess of the homestead (the *locus in quo*) and that Page was the owner in fee of the homestead estate, and the action was dismissed as to C. M. Pollock.

The plaintiff insists that she is not concluded by said judgment, because Page, her grantor and Pollock answered separately and there was no antagonism between them, each defending for separate parts of the land.

On examination of the record we find that the plaintiff, Starkey, sued for and demanded possession of the whole tract of land, alleging that the sheriff sold in fact, subject to the homestead, but conveyed the entire estate by deed to the purchaser. Defendant Page, in his answer denies the material allegations of the complaint and alleges that he is owner in fee of said premises. The defendant Pollock answers and denies all the material allegations and says further that he has had a long and quiet possession and ought not to be disturbed.

It is quite apparent from these pleadings that an intelligent trial required that the rights of the defendants, as well as the plaintiffs, should be fully determined and settled, as appears from the judgment was done, and we think the plaintiff is concluded by the record from denying the ownership of the *locus in quo* to be in Lewis M. Pollock. The rule seems to be that a judgment against several defendants determines none of the rights of the defendants among themselves, but only the existence and legality of the demand. Where, however, the respective rights of the parties are drawn in issue by them and adjudicated, the judgment is conclusive between them. If the party however entitled to the benefit of a judgment opens the same in part, it will be open for general purposes in the second action, as if it does not contain within itself

orders or directions sufficient to carry it into effect, and can no longer be treated as *res adjudicata.* Parties unwilling to be made plaintiffs are frequently made defendants for the very purpose of having their rights adjudicated and to have titles quieted. If the parties have had a hearing and an opportunity to be heard and assert their rights they are concluded as far as it affects their rights presented and passed upon by the decree of the court. This question is discussed in 2 Black on Judgments, Section 599, in *Coocoron* v. *Canal Co.,* 94 U. S., 741, also in *Louis* v. *Brown,* 109 U. S., 162, 167. As to the liability of tenants in fee with an executory devise over, see 28 Am. and Eng. Enc., 899, and notes. No error.

Affirmed.