J. E. COULTER AND WIFE, L. A. COULTER, v. R. L. WILSON ET AL.

(Filed 17 May, 1916.)

**1. Deeds and Conveyances—Warranty—Breach—Outstanding Title—Parties.**

In an action to recover damages for breach of covenant and warranty contained in plaintiff's deed to lands, with allegation of outstanding title in another which had been determined by a court of competent jurisdiction, and, upon making such third person a party to the action, such facts have been established, the retention of the holder of the outstanding title is not necessary to the plaintiff's cause of action, and it should be dismissed as to him.

**2. Parties—Actions—Unnecessary Parties—Misjoinder—Motions.**

Where it is alleged and shown that a certain party defendant is not necessary to the plaintiff's cause of action, and that it cannot be maintained as to him, the question presented is not alone that of mis-

joinder of parties, where objection should be made by formal written demurrer, or waived by answer filed; and as to such party, the action should be dismissed.

**3. Same—Code—Practice.**

Our Code procedure permitting or requiring parties to an action to litigate matters between themselves is with reference to the plaintiff's demand, and only permitted when the determination of the issues is essential and desirable for a complete determination of the controversy; and does not extend to the retention of a party who, upon the pleadings and evidence, is shown to be an unnecessary one.

CIVIL ACTION tried before *Shaw, J.,* and a jury, at October Term, 1915, of BURKE.

The action was instituted by plaintiffs against R. L. Wilson to recover damages for breach of the usual covenants in a deed by which said Wilson conveyed the land to *feme* plaintiff; plaintiff alleging, among other things, that there was a breach of covenant by reason of title paramount in R. S. Fraser, C. N. Kidd, *et al.,* and that this title had been successfully asserted by these parties in an action against plaintiffs and judgment entered establishing the superior title in them. Defendant R. L. Wilson, grantor, answered, denying that there had been a breach of the covenants and making averment that the true title was in himself, and that plaintiffs, in their own neglect and wrong, had failed to make proper defense to the action brought against them by R. S. Fraser and others, but had voluntarily submitted to a judgment, etc. Thereupon, at a former term of the court, leave was given to make said R. S. Fraser and others parties defendant, and this having been done by publication of summons and attachment of property within the jurisdiction of the court, plaintiffs filed an amended complaint reaffirming, in effect, the allegations of the original complaint, and making averment, further, that there was a dispute between the original defendant, R. L. Wilson, and others.as to the title, etc. These last parties answered, alleging title in themselves and that this had been adjudged in an action instituted by them against plaintiffs, as set out in the original complaint.

The cause coming on for trial, on motion there was judgment dismissing the action as against R. S. Fraser *et al.,* and the trial proceeding between plaintiffs and R. L. Wilson, the following verdict was rendered:

1. Has there been a breach of covenant of warranty of the defendant R. L. Wilson, as alleged in the complaint? Answer: "Yes."

2. If so, what damage is the plaintiff entitled to recover? Answer: "Value of 6⅝ acres (of) land at $10 per acre, making $66.23."

Judgment on verdict for plaintiffs against R. L. Wilson. Plaintiffs excepted and appealed, assigning for error the order dismissing the action as to Fraser *et al.*

COULTER *v.* WILSON.

*Avery & Ervin for plaintiff.*
*S. J. Ervin for R. S. Fraser et al.*
*John T. Perkins for defendant.*

HOKE, J., after stating the case: The Court is unable to perceive that the plaintiffs, either in their allegations or evidence, have established any cause of action against defendants R. S. Fraser *et al.,* appellees, or shown any right to have them retained further in the case.

Not only is it alleged in the original and amended complaint that these appellees are the holders of the true title, and that this fact has been established as between plaintiffs and appellees by judgment of a competent court, but the further proceeding has disclosed that the original defendant, R. L. Wilson, grantor of plaintiffs, had broken his covenants of seizin and warranty in reference to the title, and plaintiffs have recovered judgment against such defendant for the damages incident to the breach. Holding, therefore, by title paramount to both plaintiffs and the original defendant, R. L. Wilson, these appellees were improperly made parties in the first instance, *Clendenin v. Turner,* 96 N. C., 422; *Robbins v. Harris,* 96 N. C., 557; *Ely v. Early,* 94 N. C., 1; *Asheville Div. v. Aston,* 92 N. C., 588; *Colgrove v. Koonce,* 76 N. C., 363; and the action was properly dismissed as to them whenever it was made to appear that plaintiff had no claim against them and their presence was not necessary to a complete and proper determination of the controversy between plaintiffs and the original defendant, R. L. Wilson.

It is suggested that the question of joining these defendants as parties should have been raised by formal written demurrer, and that the objection is waived by answer filed. This may have been true if the objection only presented a case of misjoinder of parties or causes of action, but is not maintainable when the facts alleged in the pleadings or disclosed in evidence show that plaintiff has no cause of action. Pomeroy's Code Remedies (4 Ed.), p. 278; Revisal, sec. 478. In the last citation it is provided in reference to objections of this character: "If no such objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action." And in Pomeroy it is said: "Finally, whatever be the completeness or defect of the allegations made by plaintiff and of the issues raised in the answers of defendants, if on the trial the evidence fails to establish a cause of action against some portion of the defendants, and it thus appears that they have been wrongfully proceeded against in the action, the plaintiff will be nonsuited or his case dismissed as to them

and his recovery limited to the others against whom a cause of action has been made out."

It is urged further that the plaintiffs have the right to retain these parties as necessary to a decision of the question of title. But to what purpose or on what principle? Doubtless, under our present procedure, codefendants may be allowed or required to litigate matters between themselves; but this must be determined in reference to the demand made by plaintiffs, and is only permitted when the decision of such issues is essential or desirable for a complete determination of the controversy in the principal case. Codefendants may not be required or allowed to raise and debate issues between themselves which are entirely irrelevant to the demand as made by plaintiff and are not required in any way to a full and correct determination of his cause of action.

"A cross-action by a defendant against a codefendant or third party must be in reference to the claim made by plaintiff, and based upon an adjustment of that claim. Independent and irrelevant causes of action cannot be litigated by cross-actions." 31 Cyc., 224, citing, among other cases, *Joyce v. Growney,* 154 Mo., 253.

There was no error in dismissing the action against the appellees, and the judgment to that effect is

Affirmed.