H. A. BARGEON v. SEASHORE TRANSPORTATION COMPANY, INC., AND DOVER-SOUTHBOUND RAILROAD COMPANY.

(Filed 27 March, 1929.)

**Parties Defendant—Joinder—Joint Tort-Feasors—Demurrer—Cause of Action.**

Where a defendant has another party joined as a codefendant, and files an answer denying the allegations of negligence on his part and alleging that the negligence of such codefendant was the sole proximate cause of the injury in suit, but does not demand relief against such codefendant, and the complaint states no cause of action against him, the demurrer of the codefendant to the answer is good, and the action as to him will be dismissed. In this case the statute in regard to contribution between joint *tort-feasors* does not apply, the cause of action arising before its passage and operation.

CIVIL ACTION, before *Grady, J.,* at November Term, 1928, of LENOIR.

The plaintiff in this action was a passenger in the same bus referred to in the companion case of *Vivian v. Transportation Co., ante,* 774, where the facts are stated in detail.

The Transportation Company, upon motion, procured an order, making the Railroad Company a party, and summons was duly issued and served. Thereupon the Transportation Company filed an answer, denying negligence and alleging that any injury sustained by the plaintiff was proximately caused by the negligence and carelessness of the Railroad Company as specifically set out in the answer. No relief, however, against the Railroad Company was asked by the Transportation Company.

The Railroad Company demurred to the complaint and to the answer of the Transportation Company upon the ground that no cause of action was stated in either pleading. The plaintiff filed no amended complaint,

and, at the November Term, 1928, the presiding judge sustained the demurrer and dismissed the action as against the Railroad Company, from which judgment the Transportation Company appealed.

*Dawson & Jones for Transportation Company.*
*Warren & Warren for Dover-Southbound Railroad Company.*

BROGDEN, J.  Can one defendant, sued alone for personal injury, file an answer denying negligence and liability, and then proceed to allege that the injury was due to the specific acts of negligence of a third party, and thereupon, without asking relief against such third party, have such party brought into the suit?

It is well settled under our system of procedure that in order to hold a party in court a cause of action must be alleged against him.  If a defendant against whom a cause of action exists alleges a cause of action against a codefendant, growing out of the same matter, then all the parties are in court and the causes must be tried upon their merits. *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502; *Ballinger v. Thomas,* 195 N. C., 517, 142 S. E., 761.

The *Ballinger case* established two propositions of law:

First, that the plaintiff had alleged no cause of action against the appealing defendant.

Second, that the codefendant, Thomas, had not sufficiently alleged a cause of action against the appealing defendant.

In other words, in that case, the plaintiff alleged too much, and the defendant, Thomas, too little.  The demurrer to the complaint was sustained by this Court, and the demurrer to the answer of Thomas was dismissed because the defendant, Thomas, in his answer denied negligence and set up the defense that a third party, to wit, the Railroad Company, was solely responsible for the plaintiff's injury.  A mere defense made by one codefendant is not subject to demurrer by the other defendant brought into the case.  The result was that the Southern Railway Company went out of the case because under the pleadings it could not be held either by the plaintiff or the defendant, Thomas.

Applying the principle announced in the *Ballinger case* to the pleadings in the case at bar, it is clear that the defendant, Dover-Southbound Railroad Company, cannot be held upon the present record, and the ruling of the court is affirmed.

The amendment of C. S., 618, enacted 27 February, 1929, permitting contribution between joint *tort-feasors,* does not of course apply to the case at bar, for the reason that the amendment creating such a cause of action was passed after this suit was commenced.

Affirmed.