JANE MONTGOMERY v. GRACE M. BLADES, ADMINISTRATRIX OF WILLIAM B. BLADES, DECEASED; SOUTHERN RAILWAY COMPANY, AND CITY OF DURHAM.

(Filed 8 June, 1940.)

1. **Pleadings § 10—Cross action against codefendant must be founded upon or necessarily connected with plaintiff's cause.**

   A defendant may file a cross action against a codefendant only if such cross action is founded upon or is necessarily connected with the subject matter and purpose of plaintiff's action, and while C. S., 602, permits the determination of questions of primary and secondary liability and the right to contribution as between joint tort-feasors, it does not permit cross actions between defendants which are independent of the cause alleged by plaintiff.

2. **Same—In passenger's action for negligent injury, driver's administratrix may not set up cause for wrongful death against codefendant.**

   This action was instituted by a passenger in an automobile against the administratrix of the driver, a municipality and a railroad company to recover for injuries sustained as the result of alleged concurrent negligence when the car in which she was riding struck supporting columns maintained in the center of the street at a railroad overpass. Defendant administratrix filed a cross complaint against her codefendants, alleging negligence on their part resulting in the wrongful death of her intestate. *Held:* The demurrer to the cross complaint was properly sustained since the subject matter of the cross action for wrongful death is not founded upon and has no relationship to the subject matter of plaintiff's action against all three defendants for negligent injury. *Powell v. Smith*, 216 N. C., 242, cited and distinguished.

APPEAL by defendants, Southern Railway Company and city of Durham, from *Harris, J.,* at November Term, 1939, of DURHAM. Reversed.

The plaintiff Jane Montgomery instituted her action against the Southern Railway Company, city of Durham, and Grace M. Blades,

administratrix of William B. Blades, deceased, and filed complaint set-
ting up a cause of action for damages for personal injury alleged to
have been caused her by the concurring negligence of the three defend-
ants. She alleged that the defendant Southern Railway Company con-
structed and maintained with the consent and approval of the city of
Durham an underpass on Chapel Hill Street in the city of Durham and
placed concrete supports along the center of Chapel Hill Street under
the defendant Railway Company's tracks, thereby constituting an ob-
struction in said street which was negligently maintained without suffi-
cient lights, with the knowledge of the city. Plaintiff further alleged
that she was a passenger in an automobile driven by the defendant's
intestate, William B. Blades, on the evening of 21 February, 1939, and
was injured when the automobile was negligently driven by said Blades
against the concrete supports so negligently constructed and maintained
in the center of the street under the Railway Company's tracks. She
alleged the amount of her damages to be fifty thousand dollars.

The corporate defendants filed answers denying the allegations of
negligence as to them, alleging that the sole proximate cause of plaintiff's
injury was the negligence of William B. Blades, and set up the contribu-
tory negligence of plaintiff as a bar to her action, and asked, if recovery
be had as against them, that the question of primary and secondary
liability between them be determined.

Thereafter the defendant Blades filed answer denying the allegations
of negligence as to her intestate, and, as an affirmative cross-complaint
against her codefendants, alleged that the death of her intestate was
caused by the negligence of the corporate defendants, and prayed that
she recover of her codefendants damages therefor in the sum of two
hundred thousand dollars.

The corporate defendants moved to dismiss the cross action of the
defendant Blades against them. These motions were denied and defend-
ants appealed.

*Fuller, Reade, Umstead & Fuller and R. E. Whitehurst for Grace M.
Blades, defendant, appellee.*

*Hedrick & Hall for Southern Railway Company, defendant, appellant.*

*C. V. Jones and S. C. Brawley for city of Durham, defendant, appel-
lant.*

DEVIN, J. The corporate defendants appealed from the order of the
court below denying their motions to dismiss the cross action against
them set up in the answer or cross-complaint of their codefendant Grace
M. Blades, administratrix of William B. Blades, deceased.

Upon examination of the pleadings in this action and consideration of the facts therein alleged, we are of opinion that the learned judge who heard the case below, was in error in denying the motion of the appealing defendants.·

The general rule seems to have been established by the decisions of this Court that one defendant, jointly sued with others, may not be permitted to set up in the answer a cross action not germane to the plaintiff's action. A cause of action arising between defendants not founded upon or necessarily connected with the subject matter and purpose of the plaintiff's action should not be engrafted upon the action which the plaintiff has instituted. In order that a cross action between defendants may be properly considered as a part of the main action, it must be founded upon and connected with the subject matter in litigation between the plaintiff and the defendants. *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502; *Rose v. Warehouse Co.,* 182 N. C., 107, 108 S. E., 389; *Coulter v. Wilson,* 171 N. C., 537, 88 S. E., 857; *Bobbitt v. Stanton,* 120 N. C., 253, 26 S. E., 817; *Baugert v. Blades,* 117 N. C., 221, 23 S. E., 179; *Gibson v. Barbour,* ·100 N. C., 192, 6 S. E., 766; *Hulbert v. Douglas,* 94 N. C., 128; *Joyce v. Growney,* 154 Mo., 253; 49 C. J., 312; McIntosh Prac. & Proc., 493.

Section 602 of the Consolidated Statutes provides that "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves." This permits the determination of questions of primary and secondary liability between joint tort-feasors, but it may not be understood to authorize the consideration of cross actions between defendants as to matters not connected with the subject of the plaintiff's action.

In *Hulbert v. Douglas, supra,* it was said: "The practice sanctioned by The Code does not go so far as to permit· the introduction of questions in dispute among the defendants unless they arise out of the subject of the action as set out in the complaint, and have such relation to the plaintiff's claim as that their adjustment is necessary to a full and final determination of the cause."

In *Coulter v. Wilson, supra,* this statement of the rule was quoted with approval: "A cross action by ·a defendant against a codefendant or third· party must be in reference to the claim made by the plaintiff, and based upon an adjustment of that claim. Independent and irrelevant causes of action cannot be litigated by cross actions."

The same result was reached in the case of *Liebhauser v. Milwaukee Electric Railway & Light Co.,* 180 Wis., 468, 43 A. L. R., 870, where the facts were similar to those here alleged. There the plaintiff, injured as result of collision between a street car and an automobile, sued both

the railway company and the driver of the automobile. The driver of the automobile filed cross complaint against the railway company alleging damage to his automobile due to its negligence. Demurrer to the cross complaint was sustained. The Court said: "The mere fact that the two occurrences were nearly contemporaneous in time in no manner affects the question."

In the recent case of *Sandmann v. Sheehan,* 279 Ky., 614, 131 S. W. (2), 484, where the litigation involved a collision between two automobiles causing injury to a passenger, demurrer to a defendant's cross petition against the city of Louisville on account of defective lights was sustained.

To the same effect is the holding in *Livingstone v. Philley,* 155 Ky., 224; *Hunter v. Bank,* 72 Ind., 62; *Bradley v. Guess,* 140 S. C., 60; *Johnson v. Moore,* 113 Okla., 238; and *Patterson v. Bank,* 75 Okla., 147. In the case last cited it was held, also, that the defendant against whom the cross complaint was filed by a codefendant had the right to interpose objection, whether the plaintiff did so or not.

Here the plaintiff Montgomery sues Blades, the Southern Railway Company, and the city of Durham for a personal injury to herself alleged to have been caused by the concurring negligence of the three defendants. The defendant Blades in her answer and cross complaint against her codefendants sets up a cause of action for the wrongful death of William B. Blades against the Railway Company and the city.

The subject matter of plaintiff's complaint is the personal injury she sustained, and the purpose of her action is to recover her damages therefor from the three defendants. The subject matter of the cross complaint is the wrongful death of William B. Blades and the purpose is to recover of the two defendants damages therefor for the benefit of the defendant Grace M. Blades.

The subject matter of the cross action by defendant Blades against her codefendants has no relation to the injury to the person of the plaintiff or her right to sue therefor. The plaintiff is suing for the invasion of one primary right, and the defendant Blades is suing for the invasion of a distinct and different right of her intestate.

If the plaintiff Montgomery and the defendant Blades had joined as parties plaintiff in an action against the Railway Company and the city, their complaint would have been demurrable for misjoinder.

The defendant Blades relies on *Powell v. Smith,* 216 N. C., 242, but that case is distinguishable from the case at bar. In that case the plaintiff Powell sued Smith Transfer Company for a personal injury due to the negligence of the Tranfer Company in the operation of motor truck. On motion of the Transfer Company, S. E. Campbell and Christine Wallace were joined as parties defendant, and the Transfer Company

filed complaint or cross action against them alleging they were joint tort-feasors, and asking for contribution. Campbell and Wallace answered setting up cross actions against the Transfer Company for damages because of its negligence in injuring their property. The Transfer Company moved to strike and demurred to the cross action. The judgment denying the motion and overruling the demurrer was affirmed by this Court. The opinion states the reason for the ruling as follows: "The defendant Transfer Company had S. E. Campbell and Christine Wallace brought in as parties for its own convenience and relief and asserted a cause of action against them for contribution as joint tort-feasors in case a recovery should be given against the Transfer Company because of its negligence. Each of the defendants countered with an affirmative demand of compensation against the Transfer Company for negligent injury to property." Having brought the other defendants in and filed a complaint against them, the original defendant could not complain of their reply to his cross-complaint.

The decision in *Bargeon v. Transportation Co.,* 196 N. C., 776, 147 S. E., 299, does not militate against the view here taken.

We conclude that there was error in the ruling of the court below and that the judgment must be

Reversed.