GRACE M. BLADES, ADMINISTRATRIX OF THE ESTATE OF W. B. BLADES, DECEASED, v. SOUTHERN RAILWAY COMPANY AND CITY OF DURHAM.

(Filed 20 December, 1940.)

**1. Death § 4: Limitation of Actions § 11b—**

While the requirement that an action for wrongful death must be instituted within one year, C. S., 160, is a condition annexed to the cause of action rather than a statute of limitations, the provisions of C. S., 415, permitting the institution of an action within one year after nonsuit in an action instituted within the time prescribed, applies to actions for wrongful death.

**2. Same—**

A nonsuit is the term appropriate to designate the action of the court in ending the case when the complainant fails to proceed to trial or is unable to prove his case. A dismissal denotes the act of putting an end to the proceeding. It means the cause is sent out of court.

**3. Same—Where cross action for wrongful death is set up within one year but is dismissed on appeal as not arising out of plaintiff's cause, administratrix may institute another action within one year.**

Plaintiff administratrix was a party defendant in an action for negligence. The administratrix set up a cross action therein against her codefendants for wrongful death prior to the expiration of one year from date of intestate's death. On appeal, the cross action was dismissed because it did not arise out of plaintiff's cause of action. C. S., 602. The administratrix within one year of the dismissal instituted this action for wrongful death against the same defendants upon the same cause. *Held:* Defendants' demurrer to the complaint stating these facts, on the ground that it appeared upon the face of the complaint that the action was not instituted within one year from intestate's death, was properly overruled, since her cross complaint in the first action should be regarded as the origination of the present action. C. S., 415.

APPEAL by defendants from *Grady, Emergency Judge,* at September Term, 1940, of DURHAM. Affirmed.

*R. E. Whitehurst and Fuller, Reade, Umstead & Fuller for plaintiff. Hedrick & Hall, Claude V. Jones, and S. C. Brawley for defendants.*

DEVIN, J. Plaintiff instituted her action to recover damages for the wrongful death of her intestate, alleging that this was due to the joint and concurrent negligence of the defendants. The death of her intestate occurred 21 February, 1939, and the present action was begun

21 August, 1940, but in order to show compliance with the statutory requirement that an action for wrongful death be brought within one year, and to bring herself within the protection of C. S., 415, the plaintiff added the following allegation:

"That heretofore, to wit, under the 1st day of June, 1939, an action was begun in the Superior Court of Durham County, entitled 'Jane Montgomery v. Grace M. Blades, administratrix of the estate of William B. Blades, deceased, Southern Railway Company and the City of Durham,' and in said action the plaintiff herein set up a cross action against the defendants herein, and that upon motion of the defendants herein said cross action was dismissed by the Supreme Court of North Carolina in an opinion filed on June 8th, 1940."

Plaintiff further alleged that the cross action referred to was for the same cause of action as set out in the complaint in the present action, and that before the institution of this action she had paid all costs taxed against her in the former action.

The defendants' demurrer, on the ground that it appeared on the face of the complaint that this action was not instituted within one year from the death of plaintiff's intestate, was overruled, and the defendants excepted and appealed to this Court.

The question presented by the appeal is whether the plaintiff's right to maintain this action for wrongful death, begun more than a year after the death of her intestate, is protected by the provisions of the statute (C. S., 415) permitting a new action within one year after nonsuit. Does the dismissal of a cross action set up against her codefendants in a former suit have the same effect as a nonsuit, and entitle plaintiff to institute a new action against the same defendants, more than twelve months after the death of her intestate and within one year of the date of the dismissal of the cross action?

While the statutory requirement that suit for wrongful death be brought within one year of such death (C. S., 160) is not strictly a statute of limitations, but rather a condition annexed to the plaintiff's cause of action (*Trull v. R. R.*, 151 N. C., 545, 66 S. E., 586; *McGuire v. Lumber Co.*, 190 N. C., 806, 131 S. E., 274; *George v. R. R.*, 210 N. C., 58, 185 S. E., 431), it has been uniformly held that the provisions of C. S., 415, apply equally to actions of this nature as to others. *Meekins v. R. R.*, 131 N. C., 1, 42 S. E., 333; *Distributing Co. v. Ins. Co.*, 214 N. C., 596, 200 S. E., 411.

Section 415 in terms refers to cases of nonsuit, or to those in which the judgment has been reversed or arrested. A nonsuit is the term appropriate to designate the action of the court in ending the case when the complainant fails to proceed to trial, or is unable to prove his case. *Cooper v. Crisco*, 201 N. C., 739, 161 S. E., 310. In the latter instance it is analogous to a demurrer to the evidence. A dismissal denotes the

BLADES *v.* R. R.

act of putting an end to the proceeding. It means the cause is sent out of court. 18 C. J., 1145. It was said in *Evans v. Josephine Mills,* 119 Ga., 448, 46 S. E., 674, that a motion to nonsuit is intended to test the sufficiency of the evidence, while a motion to dismiss is aimed at the fatal defects of the pleading.

It is alleged in the plaintiff's complaint in this action that her cross action, set up in the case of *Montgomery v. Blades and others,* and against her codefendants, the Southern Railway Company and the city of Durham, was dismissed by the Supreme Court. It appears from an examination of the Court's opinion in that case (reported in 217 N. C., 654) that the cross action against her codefendants was dismissed as not germane to the plaintiff's action in that case. It was said, "In order that a cross action between defendants may be properly considered as a part of the main action, it must be founded upon or connected with the subject matter in litigation between the plaintiff and the defendants."

In the case of *Montgomery v. Blades and others,* all the parties were in court. Grace M. Blades, administratrix of William B. Blades, one of the defendants, filed a cross action against her codefendants setting up the same cause of action as that stated in her complaint herein. Her action against the defendants originated there. Under the statutes prescribing general rules of pleading and under the decisions of this Court the right of one defendant in an action to set up a cross action against another defendant, in proper case, seems to have been well recognized. C. S., 602; *Hulbert v. Douglas,* 94 N. C., 129; *Baugert v. Blades,* 117 N. C., 221, 23 S. E., 179; *Bobbitt v. Stanton,* 120 N. C., 253, 26 S. E., 817; *Dillon v. Raleigh,* 124 N. C., 184, 32 S. E., 548; *Biggers v. Matthews,* 147 N. C., 299, 61 S. E., 55; *Coulter v. Wilson,* 171 N. C., 537, 88 S. E., 857; *Rose v. Warehouse Co.,* 182 N. C., 107, 108 S. E., 389; *Bowman v. Greensboro,* 190 N. C., 611, 130 S. E., 502; *Bargeon v. Transportation Co.,* 196 N. C., 776, 147 S. E., 299; *Powell v. Smith,* 216 N. C., 242, 4 S. E. (2d), 524.

The necessary requirement is that the cross complaint against a codefendant be founded upon or connected with the plaintiff's cause of action. *Montgomery v. Blades,* 217 N. C., 654, 9 S. E. (2d), 397. The cross complaint of Grace M. Blades, administratrix, against Southern Railway Company and the city of Durham, was dismissed for failure to meet this requirement. Her cross action was not germane to that action, had no proper place there, and was dismissed as not cognizable in that action. But the cause of action set out in her cross action was not disposed of on its merits. Though dismissed, it may not be treated as if it had never had existence. *Gaines v. City of New York,* 215 N. Y., 533.

It seems to have been definitely decided by the decisions of this Court that when the first action has been dismissed for want of jurisdiction,

a new action within time will be protected from the bar of the statute. *Bradshaw v. Bank,* 172 N. C., 632, 90 S. E., 789. In *Straus v. Beardsley,* 79 N. C., 59, the first action was dismissed for want of jurisdiction, and the new action was begun within a year. The Court said, "The judgment dismissing the action is in substance a nonsuit and must be attended with same legal consequences." In *Harris v. Davenport,* 132 N. C., 697, 44 S. E., 406, a special proceeding to sell land for assets was instituted in 1888 by plaintiff, a creditor. In 1893 the proceeding was held irregular and void for the reason that the summons had not been properly served and the proceeding dismissed. Plaintiff, within twelve months, instituted a new proceeding to sell land to pay his debt. This Court held plaintiff's claim was not barred by the statute of limitations, and used this language: "The action was dismissed for want of jurisdiction of the parties, and that has been held as a nonsuit of the plaintiff under sec. 166 of the Code (now C. S., 415)."

The original statutory provision for permitting a new action within twelve months to prevent the bar of the statute, when the judgment has been reversed or arrested, was contained in the Act of 1715. In construing that ancient statute in *Skillington v. Allison,* 9 N. C., 347, in an opinion by *Chief Justice Taylor,* it was held that when an action instituted by a *feme sole* abated by reason of her marriage, as the law then required, she and her husband could bring a new action within a year for the same cause, even though the second action was not strictly a continuance of the first. In *Morrison v. Connelly,* 13 N. C., 237, *Ruffin, J.,* discussing the Act of 1715, and stating the sound reason for extending the terms of that statute to include cases of nonsuit and abatement, said, "The plaintiff, therefore, shall be heard until he can get a trial on the merits, provided he was diligent enough in the first instance to sue before time barred him, and renews his suit in a reasonable time."

Here Grace M. Blades, administratrix, as soon as she was brought into court, together with the Southern Railway Company and the city of Durham, by Jane Montgomery's suit, filed her cross action against her codefendants for damages for the wrongful death of her intestate. That method of presenting her claim was held proper in the court below, but upon appeal by these defendants the cross action was dismissed. As soon as that authoritative ruling was announced, she instituted this action for the same cause against the same parties. *Webb v. Hicks,* 125 N. C., 201, 34 S. E., 395; *Woodcock v. Bostic,* 128 N. C., 243, 38 S. E., 881; *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800; *Tussey v. Owen,* 147 N. C., 335, 61 S. E., 180; *Lumber Co. v. Harrison,* 148 N. C., 333, 62 S. E., 413; *Cooper v. Crisco,* 201 N. C., 739, 161 S. E., 310; *Gaines v. City of New York,* 215 N. Y., 533.

Applying the reasoning underlying the decisions in the above cited cases, it would seem that under the present statute her cross complaint in the first action should be regarded as the origination of the present action, and that she should be held entitled to invoke the provisions of C. S., 415, to prevent the bar of the statute.

The cases of *Hall v. R. R.,* 146 N. C., 345, 59 S. E., 879; *S. c.,* 149 N. C., 108, 62 S. E., 912; and *Gulledge v. R. R.,* 147 N. C., 234, 60 S. E., 1134, on rehearing, 148 N. C., 567, 62 S. E., 732, cited by defendants, are distinguishable. These cases may not be held to decide the question here presented. In *McIlhenny v. Savings Co.,* 108 N. C., 311, 12 S. E., 1001, it was held that the provisions of Code, 166 (now C. S., 415), did not embrace mere motions in an action, or a motion for execution upon a dormant judgment. But here the dismissal operated upon a cross action against codefendants in an action in the Superior Court.

We have examined the other North Carolina cases cited and do not regard any of them as militating against the conclusion here reached.

Defendants' counsel in their diligence have cited numerous cases from other states, but these chiefly refer to instances where process in the first action was not properly served, and hence do not aid us in the interpretation of the statutes under consideration.

The judgment below is

Affirmed.