JOE R. MOORE, JASPER MOORE, PAUL MOORE, KATIE MOORE DUDLEY, ETHEL MOORE THOMPSON, AND THE FOLLOWING NAMED INFANTS: VELMA MOORE AND DAISY MOORE, APPEARING BY THEIR NEXT FRIEND, JASPER MOORE, v. ERNIE R. MASSENGILL AND WIFE, MADIE MASSENGILL, AND DAVID HERMAN WEBB AND WIFE, MRS. DAVID HERMAN WEBB.

(Filed 19 March, 1947.)

**1. Parties § 10a—**

G. S., 1-73, provides for the joinder of such parties as are necessary to a complete determination of the controversy between the original

parties, but does not authorize the joinder of a party claiming under an independent cause of action not essential to a full and complete determination of the original cause of action.

**2. Parties § 7—**

In an action to remove cloud upon title between parties claiming from a common source, it is error to permit a party claiming under a title paramount to and independent of the common source, to intervene.

APPEAL by defendants from *Harris, J.,* at November Term, 1946, of JOHNSTON.

Civil action to remove cloud upon title.

Plaintiff and defendants are claiming title from a common source.

Alice Lee, mother of David H. Webb, one of the defendants, filed a motion and affidavit in this cause, before the Clerk of the Superior Court of Johnston County, praying for an order allowing her to interplead and set up her right and title to the *locus in quo.* Motion allowed and interplea filed. The interplea sets up a claim of title to the premises in the interpleader, who claims title paramount to and independent of the source of title relied upon by the original parties in this action.

The defendants moved before his Honor to strike out the interplea; motion denied, and they appeal to the Supreme Court, assigning error.

*Parker & Lee for Alice R. Lee, interpleader.*
*Wellons, Martin & Wellons for Joe R. Moore.*
*Leon G. Stevens for defendants.*

DENNY, J. The only question presented on this appeal is simply this: May a third party, who claims title to the premises involved in an action to remove cloud upon title, but who is not relying upon any source of title sought to be established in such action, be permitted to interplead and have her independent claim of title adjudicated therein? Our decisions do not so hold.

The pertinent statute, G. S., 1-73, among other things, provides: "When a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in. When in an action for the recovery of real or personal property a person not a party to the action but having an interest in its subject matter, applies to the court to be made a party, it may order him to be brought in by the proper amendment."

This statute contemplates only the making of such persons parties as may be necessary to a complete determination of the controversy between the original parties. It is not intended to authorize the engrafting of an independent action upon an existing one which is in no way essential to a full and complete determination of the original cause of action.

*Schnepp v. Richardson,* 222 N. C., 228, 22 S. E. (2d), 555; *Montgomery v. Blades,* 217 N. C., 654, 9 S. E. (2d), 397; *Coulter v. Wilson,* 171 N. C., 537, 88 S. E., 857; *Asheville Division v. Aston,* 92 N. C., 588; *Bryant v. Kinlaw,* 90 N. C., 337; *McDonald v. Morris,* 89 N. C., 99; *Keathly v. Branch,* 84 N. C., 202; *Colgrove v. Koonce,* 76 N. C., 363; *Wade v. Sanders,* 70 N. C., 277.

It is held in *Colgrove v. Koonce, supra,* that in an action for the recovery of real property, a third person who claims title paramount and adverse both to plaintiff and defendant, should not be permitted under the statute, which is now G. S., 1-73, to make himself a party to the action.

In *Keathly v. Branch, supra,* this Court said: "It is very clear that a claimant for land in dispute between other parties to a suit, and not connected with or interested in that controversy, nor injuriously affected by its result, cannot be allowed to intervene and assert his own independent title. This would be in effect to make a double action and introduce new issues, foreign to the original subject of controversy, and not within the scope of either section 61 or 65 of the Code."

This same question was considered in *McDonald v. Morris, supra,* and the Court, speaking through *Merrimon, J.,* said: "The statute contemplates that all persons necessary to a complete determination of the controversy, the matter in litigation, and affected by the same in some way, as between the original parties to the action, may, in some instances, and must in others, be made parties plaintiff or defendant. But it does not imply that any person who may have cause of action against the plaintiff alone, or cause of action against the defendant alone, unaffected by the cause of action as between the plaintiff and defendant, may or must be made a party. It does not contemplate the determination of two separate and distinct causes of action, as between the plaintiff and a third party, or the defendant and a third party, in the same action. It is only when, as between the original parties litigant, other parties are material or interested, that it is proper to make them parties."

A person has no more right to be made a party to an action in order to set up an independent cause of action therein, than a defendant has to set up a cross-action against a co-defendant which does not arise out of the subject matter in litigation as set out in the plaintiff's complaint. Consequently, an independent cause of action which is unrelated to the claim of the plaintiff and not essential to a full and final determination thereof, may not be litigated by interplea or cross-action. *Schnepp v. Richardson, supra; Coulter v. Wilson, supra; Hulbert v. Douglas,* 94 N. C., 128.

The motion to strike out the interplea of Alice Lee should have been granted, and the order denying such motion is

Reversed.