MRS. E. W. HOBBS v. AL GOODMAN AND ETHEL GOODMAN, T/DBA AL GOODMAN OF CHARLOTTE FINE SHOES, ORIGINAL DEFENDANTS, AND J. P. HACKNEY, JR., AND GEORGE D. PATTERSON, TRUSTEES, ADDITIONAL DEFENDANTS.

(Filed 28 April, 1954.)

**1. Torts § 6—**

The purpose of G.S. 1-240 is to permit a defendant who has been sued in tort to bring into the action, for the purpose of enforcing contribution, a person whom plaintiff, upon the subject matter alleged in the complaint, could have joined as a party defendant in the first instance.

**2. Same: Landlord and Tenant § 33—**

Plaintiff alleged that she was injured by the falling of a sign erected over a sidewalk by lessees. Defendant lessees alleged that plaintiff was injured by the falling of an awning erected by lessor prior to their occupancy, and sought to have lessor joined as a party defendant for the purpose of contribution. *Held:* Defendants may not set up an entirely different state of facts which invoke principles of law which have no relation to the subject matter of the action as stated in plaintiff's complaint, and thus litigate in plaintiff's action differences between themselves and lessor.

**3. Landlord and Tenant § 33: Negligence § 8—**

Where plaintiff sues to recover for injuries sustained when a sign erected over a sidewalk by lessees fell and struck her, lessees are not entitled to joinder of lessor as a party defendant on the principle of primary and secondary liability, since upon the cause as set out in the complaint, lessees' active negligence created the situation which caused the injury, and therefore lessees are primarily liable.

**4. Pleadings § 15: Torts § 6—**

Upon demurrer of the additional defendants to the cross-action of the original defendants, the original defendants may not maintain that plaintiff might amend so as to state a cause of action against the additional defendants as joint tort-feasors, but the demurrer must be determined upon the cause as alleged by plaintiff.

APPEAL by defendants Goodman from *Rudisill, J.,* first February Regular Term 1954, MECKLENBURG. Affirmed.

Civil action to recover compensation for personal injuries, heard on demurrer to the cross action of the original defendants against the defendants trustees.

The Goodmans lease a mercantile building from defendants trustees. The last extension lease was executed 19 October 1951 for the period from 15 January 1952 to 15 January 1959.

This action was instituted originally against the defendants Goodman, tenants under said lease. The plaintiff alleges in her complaint that the Goodmans, while occupying the building as tenants, attached a sign to the front of the building so that the sign projected over the sidewalk of North Tryon Street; that the sign was negligently erected in the particulars set forth in the complaint; and that on 7 July 1952, as she was walking along the sidewalk in front of the building, said sign fell, struck her, and inflicted certain personal injuries.

Defendants Goodman, answering, deny all the material allegations contained in the complaint and attempt to plead contributory negligence on the part of plaintiff. They further plead a cross action for contribution against the defendants trustees. In their cross action they allege that they leased the building from the defendants trustees; that at the time the lease was executed there was attached to the front wall of the building an awning having a metal cover; that said awning was attached to the building prior to their first occupancy; and that it was a part of this metal cover—and not the sign—that fell and injured plaintiff. They then allege negligent erection of the awning in such manner that it constituted a latent defect not known to or discoverable by them. The alleged negligence on the part of the defendants trustees is set forth in some detail. It is sufficient to say, without summarizing these allegations, that the substance of the alleged cross action is that the defendants trustees leased the building to the Goodmans in a ruinous condition and that, in the event the plaintiff recovers, the defendants Goodman are entitled to contribution from the trustees or to recover over against them under the doctrine of primary and secondary liability.

The lease agreement of 19 October 1951, executed while the prior lease was in full force and effect, stipulates therein that the term of the lease shall begin 15 January 1952. The lease likewise provides that the landlord shall not be liable for "any latent defect in the building."

Said defendants pray that the said trustees be made parties defendant to the end that the original defendants may have judgment over against the trustees in the event plaintiff recovers judgment herein.

On 11 January 1954 the clerk entered an order making J. P. Hackney, Jr. and George D. Patterson as trustees parties defendant and directing that summons be issued and served on said additional defendants. Having been served with summons herein, said trustees appeared and filed a

written demurrer for that (1) the cross action fails to state a cause of action for contribution or under the doctrine of primary and secondary liability, (2) it affirmatively appears from the allegations contained in said cross action that at the time plaintiff was injured the Goodmans were tenants, in the actual exclusive possession of the premises, and the lease agreement expressly provides that the trustees shall not be liable "for any latent defects," and (3) (specifications of defects in the cross action which demonstrate the insufficiency thereof.).

When the cause came on for hearing on the demurrer, the court below sustained the same. Thereupon the defendants Goodman excepted and appealed.

*McDougle, Ervin, Horack & Snepp and Robinson & Jones for defendants Goodman, appellants.*

*Pierce & Blakeney and R. E. Wardlow for defendants trustees, appellees.*

BARNHILL, C. J. The plaintiff seeks to recover compensation for personal injuries she sustained when an advertising sign attached to the building by the Goodmans while they were in exclusive control thereof fell and struck her as she was passing in front of the building. The defendants Goodman seek to recover over against the defendants trustees on the allegation that the plaintiff was injured when a part of the metal cover of an awning attached to the building prior to their (the Goodmans') first occupancy of the building, fell and struck plaintiff. Thus plaintiff seeks to recover on one cause of action while defendants Goodman seek contribution from, or to recover over in full against, the trustees upon an entirely different state of facts. Under these circumstances the provisions of G.S. 1-240 are not available to the original defendants.

The purpose of the Act, G.S. 1-240, is to permit a defendant who has been sued in tort to bring into the action, for the purpose of enforcing contribution, a joint tort-feasor whom the plaintiff could have joined as party defendant in the first instance. *Wilson v. Massagee,* 224 N.C. 705, 32 S.E. 2d 335.

The cause of action as stated in the complaint is the subject matter of the controversy. Defendants are not permitted to litigate in plaintiff's action differences which are not directly related thereto. To entitle the original defendant in a tort action to have some third party made an additional party defendant under G.S. 1-240 to enforce contribution, it must be made to appear from the facts alleged in the cross action that the defendant and such third person are tort-feasors in respect of the subject of controversy, jointly liable to the plaintiff for the particular wrong alleged in the complaint. The facts must be such that the plaintiff, had

he desired so to do, could have joined such third party as defendant in the action. *Wilson v. Massagee, supra; Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73; *Tarkington v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 369.

The plaintiff alleges she was injured when an advertising sign erected by the Goodmans fell and struck her as she walked along the sidewalk in front of the building occupied by them as tenants. This sign was erected by the Goodmans for their own use and benefit while they were in exclusive possession of the premises. Negligence in the erection and maintenance of this sign is the heart of her claim to compensation for personal injuries.

If the sign was negligently erected or maintained, that negligence was the negligence of the Goodmans alone. In no sense were the trustees joint tort-feasors in respect thereto. *Garrett v. Garrett,* 228 N.C. 530, 46 S.E. 2d 302; *Shaw v. Barnard,* 229 N.C. 713, 51 S.E. 2d 295. Indeed, the Goodmans do not so allege. They base their cross action on an entirely different state of facts which invoke the application of principles of law which have no relation to plaintiff's cause of action. It follows that the order sustaining the demurrer was well advised.

From what has been said heretofore, it clearly appears that the doctrine of primary and secondary liability has no application. Even if we concede that the doctrine applies, the Goodmans are the ones who were actively negligent and created the situation which caused the plaintiff's injuries.

But the original defendants suggest that plaintiff may now amend her complaint and allege that it was the top or cover of the awning, and not the sign, that fell and injured her. They therefore urge us to render decision on this appeal as though she had so alleged in the first instance. But this we may not do. *Skipper v. Yow, ante,* 102. In the first place we must assume that plaintiff has alleged in good faith the facts as she understands them to be. In the second place what we might now say, in anticipation of an amendment, respecting the interesting questions discussed in the briefs would be *dicta* in which we should not—but sometimes do—indulge.

The judgment entered in the court below is

Affirmed.