CORA D. CLARK, ADMINISTRATRIX OF THE ESTATE OF HENRY CLARK, DECEASED, PLAINTIFF APPELLEE v. PILOT FREIGHT CARRIERS, INC., AND LEO W. FORD, ORIGINAL DEFENDANTS, APPELLANTS
and
BURLINGTON ENGINEERING COMPANY, INC., ADDITIONAL DEFENDANT APPELLEE.

(Filed 26 February, 1958.)

1. **Appeal and Error §§ 16, 21—**

   Allowance of *certiorari* under Rule 4 (a) will be treated as an exception to the order or orders which petitioner seeks to have reviewed, and even though appellants fail to group and separately number the exceptions relied upon by them as required by Rule 19, Section 3, the appeal will not be dismissed, since an exception to the judgment is sufficient to present the question whether the pleadings and admitted facts on which the trial court ruled support the orders entered, and whether any error of law appears on the face of the record.

23—247

2. **Negligence § 10½—**

The doctrine of assumption of risk is not available as a defense when there is no contractual relationship between the parties.

3. **Master and Servant § 41: Torts § 6—**

Where the third person *tort-feasor* is sued for the wrongful death of an employee, he is not entitled to have the employer joined as a joint *tort-feasor* under G.S. 1-240, nor as a necessary party to the determination of the action when the original defendant does not rely upon the doctrine of primary and secondary liability.

4. **Same: Carriers § 7—**

Where a carrier is sued as a third person *tort-feasor* for the wrongful death of an employee of the shipper, occurring during the loading of machinery on the carrier's tractor-trailer, whether the carrier is entitled to have the shipper joined upon an alleged implied contract to indemnify the carrier under the rule of the Interstate Commerce Commission requiring the shipper to load the tractor-trailer, is addressed to the discretion of the trial court, the shipper not being a necessary party to a complete determination of the action by the employee's personal representative against the carrier.

5. **Automobiles § 54a: Carriers § 3—**

A carrier operating under franchise issued by the Interstate Commerce Commission is responsible for the operation of its trucks pursuant to such franchise insofar as third parties are concerned.

6. **Parties § 10—**

It is within the discretion of the trial judge to allow or deny motion to make a party who is not a necessary party to an action a party plaintiff or defendant, and the order entered is not reviewable.

7. **Pleadings § 10—**

Ordinarily, a defendant will not be permitted to litigate a cross-action against another party who is joined as an additional party defendant when the determination of such cross-action is not necessary to a complete determination of the cause of action alleged by the plaintiff.

CERTIORARI allowed upon petition of the original defendants to review the order of *Craven, Special Judge,* May Term 1957 of ALAMANCE, sustaining plaintiff's demurrer to that part of the original defendants' further answer and first defense entitled Section 3 thereof in which they plead assumption of risk as a bar to plaintiff's right to recover; and allowing the motion of plaintiff to strike said Section 3 in its entirety and certain other allegations in the pleadings of the original defendants, including the cross-action against the additional defendant and certain parts of their prayer for relief; and a motion of Burlington Engineering Company, Inc. (hereinafter called Burlington), additional party defendant, to vacate the *ex parte* order making it an additional party defendant, and to strike the cross-action of

the original defendant, Pilot Freight Carriers, Inc. (hereinafter called Pilot), against the additional party defendant.

This action was instituted on 27 February 1957 by Cora D. Clark, the duly appointed and acting administratrix of the estate of her husband, Henry Clark, deceased, who died on 24 May 1956, to recover damages for his wrongful death.

The plaintiff alleges that the death of her intestate was the result of the negligence of Leo W. Ford, who, at the time of the injury and death of plaintiff's intestate, was operating a tractor-trailer, owned by his co-defendant, Pilot, in the course and scope of his employment and in the discharge of his duties as such agent, servant and employee.

It is alleged in the answer of the original defendants that at the time of his injury plaintiff's intestate was an employee of Burlington and both he and his employer had accepted the provisions of the North Carolina Workmen's Compensation Act. That the defendants are informed and believe that the employer of plaintiff's intestate or its insurance carrier has paid or has admitted liability for compensation as provided in said Workmen's Compensation Act. G.S. 97-10.

The defendant Pilot attempted to place a cross-action against Burlington, employer of plaintiff's intestate, on the ground that Burlington was legally bound under an implied indemnity agreement to indemnify Pilot against any damages for injuries or death of any of the employees of Burlington which occurred while the cargo of Burlington was being loaded on Pilot's tractor-trailer.

Pilot alleges in its answer that it had entered into a written contract with Burlington that it would accept shipments from Burlington subject to classifications and tariffs then in effect, and that the unit of machinery being shipped by Burlington on this occasion weighed approximately 4,200 pounds; that under the regulations of the Interstate Commerce Commission such shipments had to be loaded and unloaded by the shipper or the consignee, as the case may be.

According to plaintiff's pleadings, the machine had been loaded on 22 May 1956, and Leo W. Ford, the driver of Pilot's tractor-trailer, had been directed to pull the tractor-trailer away from the loading platform or pit, but, instead, he carelessly, recklessly, negligently, and without warning, drove the tractor-trailer backwards and struck plaintiff's intestate, who had been helping load the tractor-trailer, and crushed him against the rear wall of the loading platform, inflicting such injuries that he died as a result thereof on 24 May 1956.

Pilot, upon filing its answer and purported cross-action against Burlington, secured an *ex parte* order from the Clerk

of the Superior Court of Alamance County, making Burlington, plaintiff's employer, an additional party defendant.

We allowed *certiorari* in order that it might be determined whether or not the court below committed error in sustaining plaintiff's demurrer and in allowing the motions of plaintiff and the additional defendant as hereinabove set out. The court entered separate orders sustaining plaintiff's demurrer and allowing the respective motions of plaintiff and the additional defendant.

*Sanders & Holt, Long, Ridge, Harris & Walker for plaintiff appellee.*

*Cooper, Latham & Cooper, Robert E. Long for original defendant appellants.*

*Sapp & Sapp for additional defendant appellee.*

DENNY, J. The additional defendant filed a motion in this Court to dismiss the appeal of the original defendants on the ground that the appellants have failed to group and separately number the exceptions relied upon by them, as required by Rule 19, Section 3 of the Rules of Practice in the Supreme Court, 221 N.C. 554, *et seq.*

In considering whether or not the court below committed error in sustaining plaintiff's demurrer and in striking allegations in the pleadings, and in vacating an *ex parte* order making an additional party defendant, when such matters are brought before us pursuant to petition for writ of *certiorari*, as provided in Rule 4 (a) of the Rules of Practice in the Supreme Court, 242 N.C. 766, G.S. 1957 Cumulative Supplement, page 21, and exceptions are not set out as required by Rule 19, Section 3 of the Rules of Practice in the Supreme Court, *supra*, G.S. Appendix I, page 171, we will treat the record filed pursuant to the terms of the allowed writ as an exception to the order or orders which petitioner seeks to have reviewed. Consequently, we hold that nothing is presented for decision on the record before us except the question as to whether the pleadings and admitted facts on which the trial judge ruled support the orders entered, and whether or not any error of law appears on the face of the record. *Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118; *Surratt v. Insurance Agency,* 244 N.C. 121, 93 S.E. 2d 72; *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223; *Bond v. Bond,* 235 N.C. 754, 71 S.E. 2d 53. The motion to dismiss is denied.

The determinative question on this appeal is whether or not the court below committed error in allowing the motion of the additional defendant to strike Pilot's cross-action and to vacate the *ex parte* order making Burlington an additional party de-

fendant. If the ruling on this motion is upheld, we do not understand that the original defendants seriously challenge the ruling on the plaintiff's motion to strike certain pleadings.

There being no allegation in the pleadings tending to show any contractual relationship between the plaintiff and the original defendants, the doctrine of assumption of risk is not available as a defense. *Gilreath v. Silverman,* 245 N.C. 51, 95 S.E. 2d 107; *Goode v. Barton,* 238 N.C. 492, 78 S.E. 2d 398; *Broughton v. Oil Co.,* 201 N.C. 282, 159 S.E. 321. Therefore, the demurrer to the plea of assumption of risk as a bar to plaintiff's right of recovery was properly sustained.

The appealing defendants admit that since Burlington and the plaintiff's intestate were subject to the provisions of the North Carolina Workmen's Compensation Act, Pilot is not entitled to have Burlington retained as an additional party defendant under the provisions of G.S. 1-240 and the decisions of this Court. *Lovette v. Lloyd,* 236 N.C. 663, 73 S.E. 2d 886; *Hunsucker v. Chair Co.,* 237 N.C. 559, 75 S.E. 2d 768; *Johnson v. Catlett,* 246 N.C. 341, 98 S.E. 2d 458, and cited cases. They likewise admit that Pilot is not entitled to relief against Burlington under the doctrine of primary and secondary liability. *Hannah v. House, ante* 573; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, 63 S.E. 2d 118.

The appellants apparently are relying solely on their contention that, since the character of the shipment by Burlington was such that the rules of the Interstate Commerce Commission required Burlington to load the unit of machinery on the tractor-trailer of Pilot, the common carrier, there is an implied obligation on the part of Burlington to indemnify Pilot against any damages growing out of the injury and death of plaintiff's intestate, an employee of Burlington, which occurred while the shipment of Burlington was being loaded on Pilot's tractor-trailer or immediately after the work of loading was completed.

We do not construe the pleadings to allege any contract between Burlington and Pilot other than an agreement that shipments by Burlington would be accepted by Pilot, subject to classifications and tariffs in effect at the time Burlington shipments were tendered to Pilot.

Conceding, but not deciding, that an implied contract existed as alleged by Pilot, it was discretionary with the trial judge as to whether or not Pilot would be permitted to litigate its claim under the implied contract of indemnity against Burlington in this action. Burlington is certainly not a necessary party to a complete determination of the matters alleged in the complaint as between the plaintiff and the original defendants. Moreover, a carrier operating under a license, or franchise,

granted by public authority and subject to certain obligations or liabilities imposed by such authority, is responsible for the operation of its trucks pursuant to such franchise insofar as third parties are concerned. 57 C.J.S., Master and Servant, Section 591, page 368; *Newsome v. Surratt,* 237 N.C. 297, 74 S.E. 2d 732; *Motor Lines v. Johnson,* 231 N.C. 367, 57 S.E. 2d 388; *Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71.

In the case of *Gaither Corp v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659, the owner of a building sued his contractor for breach of contract on the ground that the roof of the building was defective and leaked. Defendant contractor sought to have his sub-contractor joined as an additional party defendant upon allegations to the effect that if the roof were defective, the sub-contractor had failed to erect it in accord with the specifications and that in such event the sub-contractor was responsible to the plaintiff and the contractor, with prayer that if the plaintiff should recover damages against him that he should be permitted to recover judgment over against his sub-contractor. This Court upheld the ruling of the court below in denying the motion to make the sub-contractor an additional party defendant. In speaking for the Court, Devin, C. J., said: "The plaintiff has elected to pursue his action against the contractor with whom he contracted in order to recover damages for an alleged breach of that contract, and plaintiff should be permitted to do so without having contested litigation between the contractor and his sub-contractor projected into the plaintiff's lawsuit. *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397."

It is within the discretion of a trial judge to allow or deny a motion to make a party who is not a necessary party to an action a party plaintiff or defendant and the order entered is not reviewable. *Hannah v. House, supra; Kimsey v. Reaves,* 242 N.C. 721, 89 S.E. 2d 386; *Gaither Corp. v. Skinner, supra; Guthrie v. Durham,* 168 N.C. 573, 84 S.E. 859; *Aiken v. Manufacturing Co.,* 141 N.C. 339, 53 S.E. 867.

It is said in *Montgomery v. Blades,* 217 N.C. 654, 9 S.E. 2d 397, "A cause of action arising between defendants not founded upon or necessarily connected with the subject matter and purpose of the plaintiff's action should not be engrafted upon the action which plaintiff has instituted. * * * Section 602 of the Consolidated Statutes (now G.S. 1-222) provides that 'judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties on each side, as between themselves.' This permits the determination of the questions of primary and secondary liability between joint *tortfeasors,* but it may not be understood to authorize the consid-

eration of cross-actions between defendants as to matters not connected with the subject of the plaintiff's action." The plaintiff in this action is not a party to or bound by any contract of indemnity that may exist between Pilot and Burlington.

Ordinarily, a defendant should not be permitted to bring in an additional party defendant whose presence is not necessary to a complete determination of the cause of action alleged by the plaintiff and compel the plaintiff to stand by while the defendants litigate their differences in his suit. *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555; *Wrenn v. Graham,* 236 N.C. 719, 74 S.E. 2d 232; *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413.

The ruling of the court below will be upheld.

Affirmed.