KITCHEN EQUIPMENT COMPANY OF VIRGINIA, INCORPORATED, v. INTERNATIONAL ERECTORS, INC., 3400 S.W. 15TH AVE., FORT LAUDERDALE, FLORIDA AND PEDEN STEEL COMPANY, RALEIGH, NORTH CAROLINA.

(Filed 21 September, 1966.)

**Garnishment § 1;    Pleadings § 8—**

Defendant in an action on contract is not entitled to file a cross-action on a separate contract against a party brought in by plaintiff solely for the purpose of garnishment. G.S. 1-440.1 through G.S. 1-440.46.

APPEAL by defendant, International Erectors, Inc., from *Hubbard, J.,* January, 1966 Civil Session, PASQUOTANK Superior Court.

The plaintiff instituted this civil action against the defendant, International Erectors, Inc., a Florida corporation, for the recovery of $6,305.63, balance due on account for equipment furnished and

labor performed for the defendant in the construction of a mill in Martin County, North Carolina. The verified complaint alleged on information and belief that Peden Steel Company, a North Carolina corporation, is indebted to the defendant, International, in an unknown amount. The plaintiff gave bond and obtained an attachment and garnishment order against Peden. Peden answered the garnishment proceeding by stating that it is indebted to defendant in a sum not in excess of $1,045.44.

International filed an answer to the plaintiff's complaint, admitting in part and denying in part the allegations of the plaintiff. "As a further defense . . . and by way of cross-action against Peden Steel Company, this answering defendant avers:" (Here the defendant alleges that Peden was the contractor and the defendant a subcontractor for a part of the construction work on the plant; that Peden breached its contract with the defendant in certain specified particulars to the defendant's damage in the sum of $40,000.00, and demanded judgment against Peden for that amount.) Peden filed a demurrer to the cross-action for that it is a misjoinder of parties and causes. Judge Hubbard sustained the demurrer. The defendant excepted and appealed.

*Bailey, Dixon & Wooten by J. Ruffin Bailey for defendant Peden Steel Co., appellee.*
*Aydlett & White by Gerald F. White for defendant International Erectors, Inc., appellant.*

HIGGINS, J. In this action the plaintiff, Kitchen Equipment Company, sued the defendant, International Erectors, Inc., a Florida corporation, for breach of contract to pay for materials furnished and labor performed for the defendant in connection with a construction job in Martin County, North Carolina. By supplemental proceeding in attachment as authorized by G.S. 1-440.1 through G.S. 1-440.46, the plaintiff served on Peden a garnishment order requiring an answer as to any property held for, or money due to the defendant, to the end that the plaintiff might acquire a lien thereon for the satisfaction of any judgment recovered. Peden answered, stating it was due defendant not to exceed $1,045.44.

The defendant answered plaintiff's complaint. As a further defense and cross-action against Peden (in the case only as garnishee) the defendant attempted to assert a cause of action based on the breach of a contract between the defendant and Peden. Peden demurred thereto on the ground of misjoinder of parties and causes. From the judgment sustaining the demurrer, the defendant appealed.

Was the demurrer properly sustained? No other question arises on this appeal.

The plaintiff's cause of action involves a contract between the plaintiff and International. Peden was not a party to that contract. The cross-action involves a contract between International and Peden. The plaintiff was not a party to that contract.

After Peden is brought into the case for the limited purpose of garnishment, the defendant cannot, by cross-action, have it held to answer a suit for damages allegedly due for breach of contract between the defendant and the garnishee. "Independent and irrelevant causes of action may not be litigated by cross-action. (citing authorities) . . . Ordinarily only those matters germane to the cause of action asserted in the complaint and in which all of the parties have a community of interests may be litigated in the same action." *Gibbs v. Light Co.,* 265 N.C. 459, 144 S.E. 2d 393. "Ordinarily, a defendant should not be permitted to bring in an additional party defendant whose presence ·is not necessary to a complete determination of the cause of action alleged by the plaintiff . . ." *Clark v. Freight Carriers,* 247 N.C. 705, 102 S.E. 2d 252; *Hobbs v. Goodman,* 240 N.C. 192, 81 S.E. 2d 413; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555.

Peden has a right to require that International bring a separate suit (and give a bond for costs) to settle the rights of the two parties to their contract.

The judgment sustaining the demurrer to the cross-action is

Affirmed.