CASE No. 1 EVELYN D. NELSON v. RICHARD DALE CARROLL, A MINOR, BY HIS GUARDIAN AD LITEM MAE S. CARROL, AND MAE S. CARROLL, ORIGINAL DEFENDANTS, AND BOBBY LINN MORTON AND MINOR LOVE, D/B/A LOVE MOTORS, ADDITIONAL DEFENDANTS

AND

CASE No. 2 PATRICIA ANN NELSON, A MINOR, BY HER NEXT FRIEND MAURICE B. NELSON v. RICHARD DALE CARROLL, A MINOR, BY HIS GUARDIAN AD LITEM MAE S. CARROLL, AND MAE S. CARROLL, ORIGINAL DEFENDANTS, AND BOBBY LINN MORTON AND MINOR LOVE, D/B/A LOVE MOTORS, ADDITIONAL DEFENDANTS

AND

CASE No. 3 MARY HOPKINS SEHORN v. EVELYN DUNN NELSON, MAURICE B. NELSON, RICHARD DALE CARROLL, A MINOR, BY HIS GUARDIAN AD LITEM MAE S. CARROLL, AND BOBBY LINN MORTON, ORIGINAL DEFENDANTS, AND MINOR LOVE, D/B/A LOVE MOTORS, ADDITIONAL DEFENDANT

No. 6819SC306

(Filed 13 November 1968)

1. Torts § 4— right of joinder for contribution — applicability of G.S. 1-240

Where action was instituted and all motions for joinder of additional parties for purposes of contribution were made prior to January 1, 1968, G.S. 1-240 is applicable. Session Laws of 1967, Ch. 847, § 2.

2. Torts § 4— prerequisite to contribution

A defendant may not invoke the statutory right of contribution under

[former] G.S. 1-240 against an additional defendant in a tort action unless both parties are liable as joint tort-feasors to the plaintiff in the action.

**3. Torts § 4— right of joinder for contribution under G.S. 1-240 — demurrer**

In three causes of action arising out of a four-car collision, the defendant was an original defendant in one cause and was joined in the other two causes as an additional defendant for purposes of contribution. The allegations in the three causes were to the effect that defendant was negligent in following the third car too closely, failing to keep a proper lookout and failing to keep his car under proper control. Defendant denied these allegations and in each of the cases filed a cross-action against an automobile dealer as an additional party for contribution under [former] G.S. 1-240 on the ground that the automobile which defendant was driving at the time of the collision had defective brakes as a result of the dealer's negligence. *Held:* Demurrer by the dealer to defendant's cross-actions on ground that they failed to state a cause of action was properly sustained.

**4. Torts § 4— contribution — necessity for allegations of concurring negligence**

To entitle a defendant to join an additional defendant under [former] G.S. 1-240 for contribution as a joint tort-feasor, facts must be alleged which, if established, would constitute concurring negligence in producing the injury complained of by plaintiff; mere allegation that negligence of the additional defendant concurred with that of the original defendant is a mere conclusion.

APPEAL by Bobby Linn Morton from *Seay, J.,* 22 April 1968 Session, CABARRUS Superior Court.

These three actions grow out of a four-car collision on 20 July 1966. The vehicles will be referred to as the Sehorn car, the Nelson car, the Carroll car, and the Morton car. Each of the cars was traveling north on Highway No. 29 with the Sehorn car in the lead, the Nelson car second, the Carroll car third, and the Morton car fourth in line. The Nelson, Carroll and Morton cars either ran into, or were knocked into, the rear of the car in front of it.

The cases are numbered in the record on appeal and in this opinion in the order of the date upon which summons was issued. The plaintiff in Case No. 1 was the operator of the Nelson car; the plaintiff in Case No. 2 was a passenger in the Nelson car; and the plaintiff in Case No. 3 was the operator of the Sehorn car. In view of the fact that the Sehorn car was at the "head of the line" of the four cars, and the Nelson car was second in line, we will first discuss Case No. 3.

## Case No. 3

The plaintiff, Mary Hopkins Sehorn, brings her action against

the owners and the operators of the Nelson, the Carroll, and the Morton cars, alleging various negligent acts on the part of each operator. The allegations with respect to the operator of the Morton car are the only ones pertinent to this appeal. Summarized, the plaintiff in Case No. 3 alleges that the defendant Morton was negligent in (1) following the Carroll car too closely, (2) failing to keep a proper lookout, and (3) failing to keep his car under proper control.

We will discuss the pleadings filed by the defendant Morton after a summary of the allegations against him in each of the three cases.

### Case No. 1

The plaintiff, Evelyn D. Nelson, brings her action only against the owner and the operator of the Carroll car, which was next in line behind her car, alleging various negligent acts on the part of the operator of that car. The original defendants in this case filed a cross-action against Morton for contribution under G.S. 1-240, alleging concurring negligence on the part of Morton. Summarized, the original defendants (Carroll) in Case No. 1 allege that Morton was negligent in (1) following the Carroll car too closely, (2) failing to keep a proper lookout, and (3) failing to keep his car under proper control. Morton was brought into this case as an additional defendant.

### Case No. 2

The plaintiff, Patricia Ann Nelson, brings her action only against the owner and the operator of the Carroll car, alleging various negligent acts on the part of the operator of that car. As in Case No. 1, the original defendants in this case filed a cross-action against Morton for contribution under G.S. 1-240, alleging concurring negligence on the part of Morton. Summarized, the original defendants (Carroll) in Case No. 2 allege that Morton was negligent in (1) following the Carroll car too closely, (2) failing to keep a proper lookout, and (3) failing to keep his car under proper control. Morton was brought into this case as an additional defendant.

In Case No. 1 and Case No. 2 the additional defendant Morton denied negligence, and alleged that a sudden and unexpected brake failure caused his car to collide with the Carroll car. In Case No. 3 Morton denied negligence on his part.

In each of the three cases Morton filed a cross-action against Minor Love, doing business as Love Motors, for contribution under G.S. 1-240, alleging that Love sold him the automobile two days be-

fore the accident, and that certain negligent acts by Love combined and concurred with any negligence on the part of Morton. Summarized, Morton alleges that Love was negligent (1) in selling Morton the automobile when he knew or should have known the brakes were defective, (2) in representing to Morton that the brakes were dependable and reliable, (3) in failing to exercise reasonable skill in inspecting the automobile for purposes of the "Safety Equipment Inspection of Motor Vehicles" statute, (4) in certifying that the brakes met the North Carolina standards, and (5) in performing the safety equipment inspection in a negligent manner.

Upon these allegations, summons was issued to and served upon Minor Love in each of the three cases making him an additional party defendant. Love demurred in each case, and from Orders sustaining the demurrers Bobby Linn Morton appealed.

*Kennedy, Covington, Lobdell and Hickman by J. Donnell Lassiter, for appellant, Bobby Linn Morton.*

*Helms, Mullis and Johnston by E. Osborne Ayscue, Jr., for appellee, Minor Love.*

BROCK, J.

[1] The determinative question upon this appeal is whether Bobby Linn Morton has alleged a cause of action for contribution against Minor Love. It should be noted at the outset that this action was instituted and all motions for additional parties were made before 1 January 1968, the effective date upon which G.S. 1-240 was repealed by Session Laws 1967, c. 847, s. 2. Also the pleadings by Bobby Linn Morton specify that he seeks contribution from Minor Love under G.S. 1-240. Therefore, decision in this case is governed by the provisions of G.S. 1-240 and the interpretations placed thereon by our Supreme Court.

[2] A defendant may not invoke the statutory right of contribution under G.S. 1-240 against an additional defendant in a tort action unless both parties are liable as joint-tortfeasors to the plaintiff in the action. *Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673. "To constitute two or more persons joint tort-feasors the negligent or wrongful act of the one must be so united in time and circumstance with the negligent or tortious act of the other that the two acts in fact constitute but one transaction. While neither concert of action nor unity of purpose is required, there must be concurrence in point of time and place. The parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in

causing a single injury." *Shaw v. Barnard*, 229 N.C. 713, 51 S.E. 2d 295. "In order to show *joint* tortfeasorship, it is necessary that the facts alleged in the cross complaint be sufficient to make the third party liable to the plaintiff along with the cross-complaining defendant in the event of a recovery by the plaintiff against him." *Hayes v. Wilmington, supra*. "To entitle the original defendant in a tort action to have some third party made an additional party defendant under G.S. 1-240 to enforce contribution, it must be made to appear from the facts alleged in the cross action that the defendant and such third person are tort-feasors in respect of the subject of controversy, jointly liable to the plaintiff for the particular wrong alleged in the complaint. The facts must be such that the plaintiff, had he desired so to do, could have joined such third party as defendant in the action." *Hobbs v. Goodman*, 240 N.C. 192, 81 S.E. 2d 413.

[3]    The negligence as alleged against Minor Love by Bobby Linn Morton consists entirely of negligence in the inspection and sale of the Morton car with defective brakes. None of the allegations of negligence against Morton charge an operation of the vehicle with defective brakes; it is Morton himself who first raises any question about brakes and he asserts a sudden, unexpected and unforeseeable brake failure. If this theory were determined in his favor by the jury, it would exonerate Morton insofar as any question of the brakes is concerned, and there would be no cause for Love to be a party for contribution. On the other hand, a finding by the jury that Morton was negligent would necessarily be upon one or more of the specifications of negligence *alleged against Morton* (i.e. following too closely, failing to keep a proper lookout, or failing to keep his car under proper control), and there would be no cause for Love to be a party for contribution to pay damages inflicted by Morton's negligence in one of those respects.

[4]    To entitle a defendant to join an additional defendant under G.S. 1-240 for contribution as a joint tort-feasor facts must be alleged which, if established, would constitute concurring negligence in producing the injury complained of by the plaintiff. A mere allegation that the negligence of the additional defendant concurred with that of the original defendant is no more than a conclusion.

[3]    We agree with the trial judge that the demurrers of Love should be sustained. This disposition renders unnecessary a discussion of the other arguments advanced by the parties in their briefs and oral arguments.

Affirmed.

BRITT and PARKER, JJ., concur.