PERRY CLAY WILLIAMS, MARGARET B. WILLIAMS, ADMINISTRATRIX, (SUBSTITUTE PLAINTIFF) v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 6910DC349

(Filed 13 August 1969)

1. Negligence § 14; Insurance § 69— uninsured motorist policy — assumption of risk — contractual relationship

In this action to recover under an uninsured motorist provision for injuries received by plaintiff mechanic when an uninsured automobile which plaintiff was repairing fell on him, the doctrine of assumption of risk is

available to defendant insurer where the allegations of the pleadings tend to show a contractual relationship between plaintiff and the automobile owner for plaintiff to make the repairs.

**2. Negligence § 38— contributory negligence — instructions**

In this action to recover under an uninsured motorist provision for injuries received by plaintiff mechanic while repairing an uninsured automobile, the trial court's instructions on the issue of contributory negligence were so susceptible of creating confusion in the minds of the jury that they constitute prejudicial error.

APPEAL by plaintiff from *Ransdell, J.,* February 1969 Civil Session, District Court, WAKE Division of the General Court of Justice.

This is an action to recover under an "Uninsured Motorist" policy for personal injuries sustained by original plaintiff, Perry Clay Williams (husband of defendant's insured), while he was repairing an automobile belonging to one James Singletary. The question of coverage under the policy has been decided by the Supreme Court in *Williams v. Insurance Co.,* 269 N.C. 235, 152 S.E. 2d 102. Perry Clay Williams died prior to the trial of the matter though not from injuries received in this accident, and his widow, Margaret B. Williams, qualified as administratrix and was substituted as plaintiff.

The complaint, in addition to jurisdictional allegations and allegations of insurance coverage, alleged that original plaintiff, a mechanic, at the request of Singletary, went to the residence of Singletary to repair an automobile belonging to Singletary. He found the car up on blocks, inspected the blocks, satisfied himself that the car was secure, and crawled under the automobile to commence his work. While original plaintiff was under the automobile, Singletary carelessly and negligently raised the automobile and removed the left front wheel, and as a result the automobile fell or rolled on original plaintiff causing serious bodily injury.

Defendant answered admitting the issuance of the policy of insurance, admitting the allegation that "plaintiff is a mechanic by profession and at times goes to the residence of his clientele to make repairs on their automobiles", admitting the allegation that plaintiff was requested to make repairs on Singletary's car which was not brought to plaintiff's place of business but was located at a barn used by Singletary. All other allegations were denied, and defendant averred that if Singletary were an uninsured motorist, which was denied, he was guilty of no negligence in placing the car on blocks and further that the car was jacked up and the left front wheel removed in a careful manner. By its second further answer and defense, defendant alleged the contract of employment with Singletary

·and pleaded the doctrine of assumption of risk and by his third further answer and defense defendant pleaded the contributory negligence of plaintiff.

Plaintiff interposed a demurrer to the second further answer and defense. The demurrer was overruled and plaintiff excepted.

Upon trial the matter was submitted to the jury upon four issues: (1) negligence of Singletary, (2) contributory negligence of plaintiff's intestate, (3) damages, (4) whether Singletary was an uninsured motorist under the provisions of the defendant's policy as alleged in the complaint. The jury answered the first and second issues "Yes", did not answer the other issues, and plaintiff appealed.

*Vaughan S. Winborne for plaintiff appellant.*

*Bailey, Dixon & Wooten by Wright T. Dixon, Jr., for defendant appellee.*

MORRIS, J.

Plaintiff assigns as error the overruling of the demurrer interposed to the second further answer and defense, the failure of the court to set aside the verdict on the second issue, and certain portions of the charge to the jury.

[1] The allegations of the pleadings tend to show a contractual relationship between the original plaintiff and Singletary. Therefore, we are of the opinion that the doctrine of assumption of risk is available to this defendant as a defense. *Clark v. Freight Carriers,* 247 N.C. 705, 102 S.E. 2d 252. We note from the record that defendant tendered an issue on assumption of risk which was declined by the court. The question of the sufficiency of the evidence to support such an issue is not before us.

[2] We think plaintiff's exceptions to the charge of the court are well taken. The court instructed the jury that the burden of proof on the second issue was on the defendant. There followed immediately this: "Now, if the defendant has failed to satisfy you on this second issue, and to satisfy you by the greater weight of the evidence, or after a fair and impartial consideration of all the evidence, you are unable to determine where the truth lies on this second issue, then it would be your duty to answer this issue YES." While obviously an inadvertent error, we think this error and others in the charge necessitate a new trial. After the court had discussed all four issues, he advised the jury that he would read what the Supreme Court has said constitutes negligence and contributory negligence.

He did then read a discussion of negligence, proximate cause, and foreseeability. He then instructed the jury as to the interest or lack of interest of a witness, his own lack of opinion and the duty of the jury to recollect the facts. He then restated the issues and after re-. stating the first issue said "and I believe I did not tell you that contributory negligence is just simply negligence on the part of the plaintiff. That is the only reason it is called contributory negligence." After instructing the jury again that if they answered the first issue YES, they would consider the second issue, the charge was as follows: "The burden shifts on the defendant to satisfy you, and satisfy you by the greater weight of the evidence, that the plaintiff, Perry Clay Williams, now deceased, contributed to his own damage, to his own injuries, in any manner in which he performed his work on this car, or in any other way while he was on the premises of the defendant then you would answer that issue YES. If he has failed to satisfy you and satisfy you by the greater weight of the evidence, or if you cannot determine where the truth is, then you would answer that issue NO."

The portions of the charge of the court having to do with the second issue are, we think, so susceptible of creating confusion in the minds of the jury that they constitute prejudicial error, nor can we say that the charge, when read as a whole, presents the law of the case to the jury in such a manner as to leave no reasonable cause to believe that the jury was misled or misinformed.

Plaintiff also contends that the evidence was insufficient to support the verdict of the jury on the second issue. Since there must be a new trial, we refrain from discussing the sufficiency of the evidence.

New trial.

CAMPBELL and BROCK, JJ., concur.